ORIGINAL
FILED

2010 FEB 18 P 1: 20

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

RAM & OLSON
Michael F. Ram (SBN 104805)
mram@ramolson.com
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson (*Pro Hac Vice*)
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN KODROFF & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

Attorneys for Plaintiffs and the Class

HRL

CV 10    695

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (SAN JOSE DIVISION)

| | |
|---|---|
| NORMAND PERRON, and G. DAVID HATFIELD, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>       Defendant. | CASE NO.<br><br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Normand Perron and G. David Hatfield ("Plaintiffs"), individually and on behalf of the Class and Subclasses defined below, bring this action for damages, restitution and injunctive relief against defendant, Hewlett-Packard Company ("HP" or "Defendant"), demanding a trial by jury, and complains and alleges as follows:

## I.      INTRODUCTION

1.      Defendant Hewlett-Packard Company ("HP"), one of the world's leading computer companies, designs, manufactures, markets, advertises, promotes, distributes and knowingly sells HP Pavilion notebook computers, Series 6000 and 9000 and Presario Series 6000, also known as the DV 6000, V6000 and DV 9000 notebooks ("HP Notebook Computers") that are inherently defective and prone to frequent wireless failures.

2.      Almost as soon as the HP Notebook Computers even reached the market, HP knew that the HP Notebook Computers (a) failed at unacceptably high rates; (b) contained inherent defects that are substantially certain to manifest by failing before the end of the HP Notebook Computers' useful life; and (c) were not of merchantable quality.

3.      Defendant HP made a material misrepresentation in its Limited Warranty (that its Notebook Computers were free from defects) and concealed material information (the wireless defect) in the marketing, advertising, promotion, distribution and sale of HP Notebook Computers.

4.      But for Defendant HP's material misrepresentation and concealment of material information, Plaintiffs would not have purchased their HP Notebook computers and experienced the failures alleged below.

5.      Additionally, after Plaintiffs purchased their HP Notebook Computers, HP has failed to offer warranty service that effectively remedies the wireless LAN defect they experienced.

6.      All computers incorporate certain components that are essential for the computer to perform its data, video, audio, and communications processing functions.  These components include the motherboard, microprocessor (CPU), memory, video processor (GPU), memory, and the network interface (LAN).  Many of these components are manufactured by third party original equipment manufacturers (OEMs) and sold to companies, such as HP, for incorporation into name-branded computers.

7.      The motherboard is the primary printed circuit board in a personal computer.  All of the basic circuitry and components required for a personal computer to function are either contained on or attached to the motherboard.  The CPU is typically mounted directly onto the motherboard and and is the primary element carrying out the computer's functions.  The CPU communicates among the computer's remaining components through the motherboard's core logic chipset. The chipset is usually composed of two chips—the northbridge and the southbridge. The northbridge chip is physically and electrically located next to the CPU and serves as a four-way intersection enabling communications among the CPU, memory, graphics, and south bridge.

8.      The HP Notebook Computers at issue here incorporate an nVidia northbridge chip, known as a C 51, that like the CPU, is mounted directly onto the motherboard.

9.      As is indicated by the below graphic, the nVidia C 51 provides the power and data control functions for the wireless LAN installed into the HP Notebook Computers through the PCI Express controller.



10.     Plaintiffs are informed and believes that the nVidia C 51 is defective and prone to frequent, premature failures, and causes the wireless LAN failures that Plaintiffs, and other Class Members, experience.

11.     The result of the nVidia C 51's defect is that the HP Notebook Computers at issue here are frequently unable to access the wireless network access features, rendering these computers unable to connect to the Internet through the internal wireless device.

12.     The defect results in Plaintiffs' inability to use his HP Notebook Computer for its intended purposes.

## II.     JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, and particularly, 28 U.S.C. § 1332(d)(2), as the matter in controversy exceeds $5,000,000.00 and this is a class action in which some members of the class of plaintiffs are citizens of a state that is different from the principal place of business of Defendant.

14.     Venue is proper in this District, and in particular the San Jose Division, under 15 U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391(b) and (c), because HP maintains its headquarters, transacts business, maintains offices, or is otherwise found within this District; and the Defendant's unlawful acts giving rise to Plaintiffs' claims occurred, and a substantial portion of the affected trade and commerce described below has been carried out in this District.  See also Exhibit A to this Complaint.

### III.     THE PARTIES

15.     Normand Perron is an adult individual residing in Redondo Beach, California.  He bought his HP Presario V6030US notebook computer for personal use on September 26, 2006.  The Presario V6030US notebook computer he purchased is one of the DV 6000, V6000 and DV 9000 series of notebook computer that is known to experience the failures more fully described below.  The Presario V6030US notebook computer is equipped with the nVidia C51 north bridge and an internal wireless LAN (WLAN).

16.     Immediately after his purchase, and well within his first year of ownership, Plaintiff Perron began to experience the wireless LAN failures that are the subject of this action.  Plaintiff Perron purchased his Presario V6030US notebook computer to connect wirelessly to the Internet.  However, the Presario V6030US notebook computer was unable to remain consistently connected.  Even though his home wireless router is very close to his computer, the wireless connection was sporadic.

17.     Plaintiff notified HP's customer service of the failures.  Further, Plaintiff Perron requested that HP provide technical assistance in diagnosing the wireless failures on numerous occasions.  HP's technical staff diagnosed Plaintiff's computer as having a defective wireless device and sent him another to install into his computer.  Plaintiff installed the wireless card but it did not eliminate the failures he was experiencing.  HP also provided Plaintiff Perron with the Windows Vista operating system for installation on his Presario V6030US notebook computer to

replace the Windows XP operating system originally installed.  Like the replacement wireless card, the Vista operating system failed to eliminate the wireless failures.

18.     Then, within Plaintiff's first year or ownership, HP instructed Plaintiff Perron to send his V6030US notebook computer to HP for warranty service.  That repair also failed to eliminate the wireless failures.  Nor did Mr. Perron's numerous, frustrating, time consuming calls to HP's technical support not solve the wireless problem.

19.     As alleged below, HP has acknowledged, replacing the wireless cards is not likely to eliminate wireless failures.  Further, as several consumers note below, Windows Vista also is not likely to eliminate the wireless failures.  Thus, as a result of all of HP's failed repair attempts, Plaintiff Perron is required to utilize rj45 cable whenever he needs to access the Internet, since he cannot rely on the V6030US notebook computer's wireless LAN.

**B.     Plaintiff G. David Hatfield**

20.     Plaintiff G. David Hatfield is a resident of Knoxville, Tennessee.  He owns an HP Pavillion dv6448se that he bought at Best Buy on August 3, 2007.  He purchased the computer for business use. Battery problems began approximately 6-7 months after purchase. The battery was replaced. He also had issues with wireless service terminating unexpectedly ever since the laptop was purchased.

21.     During one call to HP he was instructed to update the BIOS - that was also within the first year he had the computer, in approximately March 2008.

22.     In about April 2009, Mr. Hatfield bought a wireless router for his house and depended on it for internet service. He constantly experienced problems with the computer losing service at that point. He was always turning the computer on and off to get it to reboot.

23.     Recently the wireless connection stopped completely. He tried running the HP Wireless Assistant program, but it would not open.  When he contacted HP he was told his computer was 5 months outside the extended warranty period. HP told him that it would cost $287.00 to repair his computer.

## C.   Defendant Hewlett-Packard Company

24.    Defendant Hewlett-Packard Company is a publicly traded corporation with worldwide corporate headquarters in Palo Alto, California.

## IV.    CLASS ACTION ALLEGATIONS

25.    Plaintiffs brings this action on behalf of themselves, and, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following Class and Consumer Subclass, Warranty Subclass and California Subclass ("class or classes"):

**Class**
All persons and entities who since August 1, 2006 purchased in the United States HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers. Excluded from the Class are (1) employees of the defendant, including its officers or directors; and (2) defendant's affiliates, subsidiaries, or co-conspirators.

**Consumer Subclass**
All Class members who purchased for personal, family or household purposes, HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers.

**Warranty Subclass**
All Class members whose HP Pavilion Series 6000 and 9000 and Presario Series 6000 notebook computers, also referred to as the DV6000, V6000 and DV 9000 series of computers, experienced failure of wireless capability within a year of purchase.

**California Subclass**
All Class members who are residents of California.

26.    Class members are sufficiently numerous and geographically dispersed throughout the United States that joinder of all Class members is impracticable.  Information as to the identity of the Class members can be determined from records maintained by the Defendant and its agents and by publishing class notice. Fed.R.Civ.P.23(a)(3).

27.    Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other Class members and, by asserting their claims, Plaintiffs will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of HP.  The relief sought is common to the Class.  Fed.R.Civ.P. 23(a)(3).

28.     The common legal and factual questions which do not vary from Class member to Class member and which may be determined without reference to individual circumstances of any Class member include, but are not limited to:

      a.    Whether HP represented in its Limited Warranty that HP Notebook Computers are free from defects.

      b.    Whether the HP Notebook Computers suffer from a common defect that causes the wireless capability to fail during its reasonable expected life, including, often, in the first year after purchase;

      c.    Whether Defendant actively concealed the defect;

      d.    Whether Defendant failed to disclose material facts about the HP Notebook Computers;

      e.    Whether Defendant failed to provide an adequate and timely fix of the defect;

      f.    Whether Defendant breached its express Limited Warranty;

      g.    Whether Defendant violated the California Consumers Legal Remedies Act;

      h.    Whether Defendant violated the unfairness prong of the California Unfair Competition Law ("UCL");

      i.    Whether Defendant violated the unlawful prong of the UCL;

      j.    Whether Defendant violated the fraudulent prong of the UCL; and

      k.    Whether Class members are entitled to recovery including the proper measure, nature and extent of such relief.

29.     These common questions and others predominate over questions, if any, that affect only individual members of the Class.  Fed.R.Civ.P.23(a)(3).

30.     Plaintiffs and their counsel will fairly and adequately represent the interests of the Classes in that Plaintiffs are typical purchasers of HP Notebook Computers.  There is no material conflict with any other member of the Classes that would make class certification inappropriate. Plaintiffs have retained attorneys experienced in the prosecution of consumer class actions and Plaintiffs intend to prosecute this action vigorously.  Fed.R.Civ.P.23(a)(3).

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.  Fed.R.Civ.P.23(a)(3).

32.     Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  Fed.R.Civ.P.23(a)(3).

33.     Injunctive relief is appropriate as to the Class as a whole because Defendant has acted or refused to act on grounds generally applicable to the Class.  Fed.R.Civ.P.23(a)(3).

34.     Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may not otherwise warrant individual litigation.

## V.     FACTUAL ALLEGATIONS

35.     At all times relevant and material hereto, Defendant HP designed, manufactured, tested, labeled, packaged, distributed, supplied, marketed, advertised, sold, and otherwise distributed to interstate commerce, the HP Pavilion notebook computers, Series 6000 and 9000 and Presario Series 6000 that are the subject of this lawsuit.

36.     Notebook computers, as opposed to desktop computers, are designed for mobility and convenience.  One of the primary uses of a notebook computer is for remote access to the Internet using a wireless connection.

37.     HP "guaranteed" Plaintiff and members of the class that its computers were reliable; free from defects, and of merchantable quality and workmanship.

> HP guarantees that the HP Hardware Products that you have purchased or leased from HP are free from defects in materials or workmanship under normal use during the Limited Warranty Period.
> See *http://welcome.hp.com/country/us/en/privacy/limited_warranty*.htm.l

38.     Plaintiffs saw or heard the HP statements alleged in the preceding paragraphs or substantially equivalent statements in HP's advertising.  HP's representation regarding the HP Notebook Computers' being free of defects was a material factor and Plaintiffs relied on that statement in deciding to purchase their HP Notebook Computers.

39.     Contrary to HP's aforementioned representation and guarantee, HP has failed to deliver to Plaintiffs and Class members HP Notebook Computers that were free from defects in materials and workmanship.  Rather, HP has delivered to Plaintiffs and the Class HP Notebook Computers that incorporate defective components causing the wireless LAN devices installed in those computers to fail and become inoperative.

40.     Further, a reasonable consumer expects that HP Notebook Computers will have reliable wireless access for five years, and does not expect that HP Notebook Computers will come with a serious and common design defect that will frequently cause wireless capability to fail before that expected lifetime, often within the first year, as well as harming other related aspects of the computer's performance and reliability, such as the battery.

41.     The HP Notebook Computers suffer from a common defect that causes a substantial number of the computers' wireless LANs to fail within the first five years, including during the first year of use, rendering the computers unable to connect to the internet.

42.     In August 2006, HP became aware that HP Notebook Computers had a defective wireless LAN.  HP failed to disclose the defect but instead attempted to conceal it with a BIOS update that did not solve the problem but in fact harmed the computers by shortening batter life.

HP failed to disclose its knowledge of the defects, and concealed such knowledge by making partial and misleading representations of material facts that were not known to Plaintiffs and all others similarly situated.

43.     In spite of its knowledge, HP continued to sell its HP Notebook Computers Further, HP continued shipping the computers, failed to recall units already in the field, failed to notify customers who already may have purchased one of the HP Notebook Computers, failed to notify retailers or consumers, and failed to offer any effective repair for the defect even after the wireless LAN in HP Notebook Computers experienced epidemic failure.

44.     Had Plaintiffs been made aware of the defect prior to purchase, they would not have purchased their HP Notebook Computers.

45.     Additionally, the defect prevents Plaintiffs, and other Class member from using their HP Notebook Computers for their intended purposes.

46.     In order to wirelessly access the internet, Plaintiff Perron and other class members have been required to purchase external wireless LAN devices that plug into the HP Notebook Computers.

47.     Plaintiffs are informed and believes that HP was aware of the design defect before Plaintiffs purchased their HP Notebook Computer.

48.     On or about October 22, 2007, posted an entry on HP Total Care website:

Hi, it's Anna from HP Total Care,

I'm sorry some of you are having trouble with your wireless WLAN not detecting your wireless network and not displaying in your device manager. The issue appears to affecting AMD based DV 6000, V6000, and DV 9000 notebooks running Microsoft Windows Vista. We've got a BIOS update and some instructions on getting this resolved. If the BIOS update does not resolve the issue, please contact HP support and we will facilitate a repair.

49.     The BIOS update was not effective and class members were without recourse as the eighty-four (84) pages of customer complaints attest to on an HP forum website (as of November 12, 2007). See

http://forums1.itrc.hp.com/service/forums/bizsupport/questionanswer.do?threadID=11364.

50.     Nor is the issue limited to HP Notebook Computers running Microsoft Windows Vista.  The customer complaints identify manifestations of the defect that occur on HP Notebook Computers running Microsoft Windows XP and XP Professional.  The customer complaints describe situations where the defect manifested itself before the release of Microsoft Windows Vista.

51.     On or about November 3, 2007, HP posted another entry on HP's Total Care Website.

> The reason for the BIOS fix is that the internal WLAN card may not work because the signal amplitude on the internal bus to the chipset is too low.  As a result, the wireless card and the motherboard cannot communicate.  By downloading Softpaq 36551, it is possible to boost the amplitude of the signals on this bus and thereby solve some WLAN issues.  Here is the link: ftp://ftp.compaq.com/pub/softpaq/sp36501-37000/sp36551.exe.

> If the issue does not stem from low amplitude, it could also be an issue between the system board and the wireless card as some have pointed out on this board.  That said, it is unlikely that replacing the wireless card will solve the issue, so please do not do this.  Historically it is more likely that a system board issue would cause this type of problem, than an issue with the wireless card.  So, if Softpaq 36551 doesn't help, the next step is to call 800-HP-Invent for additional help.

> As mentioned earlier HP is working around the clock on this issue.  Engineers are reading the posts and have actually printed them out to bring them into meetings to discuss them.  So, please keep posting your feedback with as much detail as possible.

52.     Examples of class members' problems as reflected in the customer complaints are as follows:

> a.     Rai Lynn Nov 5, 2007:
> well I just got the new wireless card delivered and as expected it din't [sic] solve the problem.  The link for the BIOS is corrupted (well at least that how it appears to me after I have finished downloading it).  I guess whats left now is back up my data (AGAIN!) And send it back. Just in case:
> Pavilion dv9205us
> AMD turion 64x2
> Nvidia Geforce Go 6150

> b.     Gary Swain Nov 6, 2007:
> I have a V3015NR with the AMD. My wireless is gone as well.  I just got off the phone with tech Support and was told that since my warranty expired 3 weeks ago, I am on my own.  They wanted to sign me up for phone support for $99 a year, but that would not cover fixing the WLAN problem that so many are experiencing.  Has anyone else encountered this problem?  If so, what has been

said or done? This is an obvious problem that HP recognizes and should address regardless to length of warranty coverage. Could this be a recall issue? I have tried everything from flashing the BOIS to reloading the drivers for the broadcom. I did manage to get the WIFI back up after removing the chipset and re-booting. I then put the chipset back in and re-booted in SAFE Mode. At the time, the chipset was found and installed. I then rebooted in normal mode and it worked until it went to sleep at which point, the WLAN disappeared from the system. Like all others, nothing in the device manager even though under system info, it's listed. This is my travel laptop and is used everyday for work. It needs to be fixed regardless of warranty.

   c.   Clair Jordan Nov 8, 2007:
Hi everyone,
Add me in to you [sic] list. I have a Pavillion dv6000 [sic]. Got it in Feb. My wireless went down in September. First HP said they would send me a new card. Then they said that I would have to send it in. Did that and got it back within a week and it worked great for about a month. Then I started having a problem with what I thought was my graphics/video card. After a week of trying to install new drivers and trying to unsuccessfully back up my laptop it will now not boot up at all. Tried draining out all the power, removing battery etc. no luck. So now it is on its way back to HP.
Get this, I asked them if I could buy an extended warranty and they said they would not well me one cause my laptop had broken twice!!! I am so mad.
Hope we can escalate this further

   d.   Thomas C. Perconti Nov 9, 2007:
Dv9000ct owner (purchased in Jan 07) here experiencing the same problem since June/July 07 timeframe [sic]. The wifi adapter occasionally wakes up when coming out of suspend but that is pretty infrequent. I ended up purchasing a LinkSys USB wifi adapter (my expressCard slot is taken up by the HP TV Tuner card).
I heavily rely on my notebook and cannot afford to be without it for weeks while the system is sent out for repair, or HP were to send an identical replacement system and allow us to swap the drives, that would go a long way in minimizing the inconvenience.
I am not pleased with the manner in which HP had been dragging their feet on this issue when it is painfully obvious that it is a pretty widespread problem.
I DIDN'T expect it from HP. I guess that I'm just an old IT warhorse that still remembers the world-class products, service and support that the HP name implied.
   ...hangining [sic] in there keeping hope alive...

   e.   TL Fin Nov 9, 2007:
HP dv6105us. Purchased mid October 2006. Wireless stopped working on the beginning of August 2007.
Since the 2nd of August, I've spent hours on the phone with support, with about 6 people. Ran all the 'fixes' with the first support person, no fix. Have gotten contradictory information from each person since.

I purchased a 2wire box in order to use this HP laptop. My old computer does not work with this system, so I have no back up....anyway.

Gave up & decided to send the compter [sic] back to HP. As of the 1st of this month, November, I have been expecting a shipping box, but it has not arrived. Now it is having difficulty starting, takes up to 20 minutes to get it going & my warranty is up. Is HP stalling on purpose?

Really, at this point, I'd like my money back! Or send me a new computer and I'll send this lemon back, ok, Jim? Please!

53.     HP has failed to offer Plaintiffs and class members an adequate fix of the wireless capability problem.  After Nathan Nygren, a plaintiff in a related case, repeatedly complained to HP and filed his class action, HP extended its one-year limited warranty for an additional year to address "certain issues with the HP dv6000, dv9000 and Compaq v6000."  On or about November 15, 2007, HP posted on its website, HP.com, a program with an extension of its limited warranty for some but not all HP Notebook Computers.  The announcement included wireless failures among a list of other failure symptoms for which HP agreed to extend its limited warranty from a period of one year to two years from purchase.  HP's warranty extension program does not address manifestations of the defect that occur more than two years after purchase of the notebook computer, with the exception of parts replaced as part of any warranty repair, for which HP provided a 90-day limited warranty from the time of replacement.  The limited warranty extension is neither an appropriate nor adequate remedy for HP's defective notebook computers.  Accordingly, Plaintiffs are informed and believe that HP still has not provided an adequate and sufficient fix of the wireless and heat cycling design failures for those customers who return their Notebook Computers under the warranty extension.  Among other things, the wireless capability still does not work reliably and the battery's life is dramatically shortened by a still defective heat cycling design.

54.     Here are some additional illustrative Internet postings by class members who continue to experience wireless problems:

a.     JohnFrench
Nov 2, 2008 05:04:41 GMT   Unassigned
Check this: http://tinyurl.com/2jxruy <HP Limited Warranty Service Enhancement> for a list of many symptoms caused by motherboard failure, and laptops affected -- my fury is that altho my model number (dv9000) is covered, only certain pruduct numbers under dv9000 are included, and mine is not one of them! The problem is the motherboard, and the symptoms include loss of bootup,

VERY slow bootup, WiFi stops working, etc. Send me an email at john (at) johnfrench.org if you have the symptoms but are not covered by their extension plan. If we join together we can stop their refusal to fix their machines. I spent hours with their call center and all they kept saying (politely, of course) is that my product number is not covered. The repair with shipping is well over $500 and it is because of their crappy motherboards!

    b.    **Wayne Sallee**
Jun 13, 2008 13:21:15 GMT    Unassigned
I sent my laptop in on 2008-04-23

It is now 2008-06-13 already having wireless problems. It's not disappearing from the device manager yet, but it sometimes will be turned off when I turn the computer on, and I have to click on the icon and turn it back on.

The bios version is 3.E. I've got all of the other bios versions on my computer but don't have that one. I can't find the download for it on HP. Anybody remember where that version can be downloaded?

Wayne Sallee

    c.    **Joe Redding**
Jun 30, 2008 22:42:57 GMT    Unassigned
I'm on my third major repair for this garbage laptop.
This time the service center lied about the repair they did.
The listed repairs were replaced:
system board
battery
heatsink fan
hard drive
When I turned the laptop on I got literally the same thing I sent it out with.
All of my settings are still there.
If they really replaced the motherboard why am I looking at the exact same desktop wallpaper I sent the laptop out with?
So basically they deliberately lied.
This is strike four already. At what point does this company hold themselves accountable for their horrible product? The hard drive they replaced was the secondary hard drive that didn't even have any issues.
The put a BLATANTLY used battery in this thing that isn't lasting anywhere near as long as a replaced battery should. Its literally faded to the point of being grey instead of black like it's supposed to be.
Not to mention the other problem it went in for, ac adapter failure, hasn't even been fixed. $1500 + paperweight.

    d.    **Ruslan Galiev**
Aug 14, 2008 19:01:50 GMT    Unassigned
This is my second post sense feb 26 08, i sent my hp dv6646us to hp with the wifi problem. It came back in 3 days, they changed the mother boadr and thermal pad, ok. Wifi worked 3 days then stoped working again, same exact way and the hard drive failed. Sent it to hp 8 days later i just got it, replaced the mother board, hdd, lan card and thermal pad. It works for now but i left it on connected to the internet

it went to sleep or the hibernate, came back 20 min later wifi is gone, the windows is popping up every 5-10 seconds and switches wireless on and off. Restart it so it works at the moment, ill give 3-5 days before it will break again. Will post the updates later.

e.   **Sheikh Hamid**
Aug 17, 2008 00:26:39 GMT   Unassigned
My V6133 is going in for repairs next week. Having a quick look at the earlier post it seems the new motherboard sometimes does not fix the problem. Is it possible to get a refund if it reoccurs?

f.   **Wayne Sallee**
Aug 18, 2008 01:03:45 GMT   Unassigned
@ sheikh hamid
You say that some of the replacement motherboards have not worked, but actually, nobody has had a replacement board last any length of time.

As for your 3rd situation, HP has a policy that after 3 strickes of the same problem you get a new computer. So tell that this is the third time of the same problem and that you want a new laptop with Intell instead of AMD.

Wayne Sallee

g.   **Hpmcs**
Aug 26, 2008 06:52:51 GMT   Unassigned
Add me to the list. Started out with no wifi. Sent it in to HP for repairs and within two weeks it was having problems again. Now it wont charge the battery and wont run on ac power without the batter in and charged. I can get the battery to slooooooowly charge by leaving it pluged in and turned off, it will then run for short periods of time but quickly drains what little battery power there is.

h.   **Gary Swain**
Sep 30, 2008 01:13:28 GMT   Unassigned

My machine is sitting in Houston with a return date of Oct 25th. I sent the machine back for it's SECOND motherboard on September 18th. I was on hold for 1 HOUR and 37 MINUTES without anyone answering tonight to inquire as to why HP has to have my computer for 6 WEEKS! I use my machine for work and I am now forced to buy a new machine so I can work!

i.   **Julie Gwynn**
Oct 14, 2008 14:08:19 GMT   Unassigned
I too have a HP laptop bought in January 2007 on which the wireless has failed. I have been in correspondence with HP and find it totally unacceptable that they are unable to help the many people who are experiencing these problems (my serial number is not listed as being eligible for free repair).
I think that there is a lot of evidence to show that this is a widespread problem and HP should be making more effort to repir [sic] the problem on ALL affected computers.

j.   *Jim C.* Says:
January 12th, 2010 at 4:12 pm

---

Case No. _____ -- CLASS ACTION COMPLAINT FOR
DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

16

Like so many of you, have a DV 6000 series with problems.

Purchased new in Dec 2008 for a Christmas present for my daughter to take to college. Motherboard fried 01/12/2009 3 hrs of troubleshooting with tech over the phone. Box sent for repair.

Memory card bad when received back. 02/11/2009 shipped back to HP again.

Daughter went to start computer this am 01/12/2010, exactly 1 yr to the day when the last trouble ticket was generated (so less than 1 yr after repaired) and had the same "no LED, no boot" bad motherboard problem.

HP "Your warantee expired 12/25/2009. Send it in with $259 if you want it repaired." Tried the verbiage suggested above. She had a canned answer prepared. "The extended warantee for the bad motherboards expired in Aug 2009. We no longer cover it."

So, contacted the yahoo address above. Haven't decided if small claims court is the way to go or the class action lawsuit, which probably will return pennies on the dollar if any.

k.    *Marlene* Says:
January 11th, 2010 at 5:46 pm
Just hung up with HP. I have the wireless issue with the motherboard. HP will not help since the extension they provided was up to 10/09. I have had no communication from them about this problem. Now, I suggest that anyone having this problem post on facebook, Linkden, the Better Business Bureau and join the class action suit. This is a known issue, acknowledged by HP and they choose to scam the consumer. I rather take the $259 to replace the motherboard as they suggest and put it towards a new notebook.

l.    *Rob Bailey* Says:
January 9th, 2010 at 1:10 pm
I have a dv6000 (dv6119us), purchased 12/7/06, and always thought that my wireless connection would turn off, and then on because my internet connection was glitchy. Well, as of last night, I only get an amber light (not blue), and found this website after doing some research.

I called HP, and insisted (per Chart_boy), that HP should fix this for free because HP has known about this problem all along, and should have recalled the computers to begin with. The best offer give was $259 to repair instead of the usual $398. I said I was a loyal HP customer with 3 HP computers and 2 HP printers, and he said he would escalate the issue. After waiting on hold for 5 minutes, I finall got a case number, and I'm supposed to get a call back tomorrow. I will let you all know how it goes.

In case I cannot get a free fix, is it worth worth getting a wireless adaptor, or a wireless netword card, or can I expect the motherboard to go shortly?

Also, what will come out of the class action lawsuit, and who is eligible to join (purchased 37 months ago)?

55.    Shortly after it began selling the HP Notebook Computers at issue here, Defendant became aware that the computer's wireless capability was failing at an abnormally high rate. Defendant conducted a root cause analysis into the failure's cause and determined that the NVIDIA C 51 chips incorporated into the units were responsible for the wireless failures. HP's investigation identified 24 models that are prone to experience the defect.

## ACTIVE CONCEALMENT

56.     Defendant actively concealed a material fact from Plaintiffs -- the wireless product defect.  Plaintiffs would not have purchased the defective products had they known about the defect.  The defect caused wireless LAN failures throughout the life of the computers, which including within the warranty period.  Instead of recalling the defective Notebook Computers, HP provided consumers inadequate remedies and other purported "fixes" which hide, delay, and in some instances exacerbate the problems caused by the defect.  One purported "solution" consisted of a BIOS update, which would force the computer's fan to run more frequently (or continuously) in an effort to control the excessive heat caused by the defect.  The BIOS updates cause the computer's fan to run continuously.  Consumers therefore experience a decrease in notebook battery life, increase in system noise, and decrease in computer life.  HP offered the BIOS "fix" in an attempt to postpone complete system failure of the Notebook Computers until after the applicable warranty expired.  Despite knowing about the defect, Defendant failed to disclose it to consumers and in fact actively concealed it from consumers.

## VI.     FIRST CAUSE OF ACTION
### (Violations of Business & Professions Code § 17200 *et seq.*)
### (Unfair Business Practices)

57.     Plaintiffs incorporate and reallege all of the foregoing paragraphs.

58.     Defendant has engaged in unfair competition within the meaning of California Business & Professions Code § 17200 *et seq.* because Defendant's conduct alleged above is unfair.

59.     Defendant's conduct constitutes an unfair business practice because Defendant is marketing and selling its Notebook Computers in a manner likely to deceive the public, and Plaintiff relied on Defendant's omissions and was deceived and has suffered actual harm as a result.

60.     Defendant's business practices are unfair because they offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers in that consumers are led to believe that HP notebook computers can be reliably used

for wireless service when they cannot.  In addition, when Plaintiff and class members report problems with their wireless service HP fails to provide an adequate fix.  That is, HP fails to provide consumers with a reliable computer without the design defects that impair the wireless functions and other related aspects of the computers including the battery.

61.     Plaintiffs have suffered a loss of money and property as a result of the wrongful conduct here alleged.  Defendant's unfair business practices have caused injury to Plaintiff, the Class, and the public.

62.     Plaintiffs and the Class are entitled to relief, including full restitution of all revenues obtained by Defendant from Plaintiff and the Class as a result of such business acts or practices, and an injunction that Defendant cease and desist from engaging in the unfair practices alleged above.

## VII.    SECOND CAUSE OF ACTION
### (Breach of Express Warranty)
### (for Warranty Subclass)

63.     Plaintiffs incorporate and realleges all of the foregoing paragraphs.

64.     HP provided a Limited Warranty with its Notebook Computers.  The Limited Warranty provides: "HP warrants that the HP hardware product and all the internal components of the product that you have purchased or leased from HP are free from defects in materials and workmanship under normal use during the Limited Warranty Period."

65.     Plaintiff has performed all conditions, covenants and promises required to be performed on his part in accordance with the warranty.

66.     As consumers, Plaintiff and the Class are relieved of any notice requirement, and HP, who has superior knowledge of its technology, should be estopped from asserting lack of notice as a defense.  Plaintiff also provided sufficient notice to HP pursuant to the California Consumers Legal Remedies Act as alleged in paragraph ___ below and that notice should suffice under the law of warranty as well.  In addition, Plaintiff Nathan Nygren gave HP sufficient notice pursuant to the CLRA.

67.     At all relevant times, HP knew of the problems with the wireless capabilities of the HP Notebook Computers.  Therefore, notification to HP would serve no purpose, and for this reason, HP should be estopped from asserting lack of notice as a defense.

68.     Defendant has breached the Limited Warranty by failing to provide an adequate fix when the wireless capabilities of Plaintiffs' and class members' HP Notebook Computers prematurely failed.

69.     Defendant has breached the warranty by undertaking the wrongful acts alleged above.

70.     Plaintiffs have relied on Defendant's express warranty.  Defendant's breach of the warranty was a substantial factor in causing Plaintiff and the Class to suffer damage.

## VIII.   THIRD CAUSE OF ACTION
### (Violation of California Civil Code § 1750 *et seq.*)
### (for Consumer Subclass)

71.     Plaintiffs incorporates and realleges all of the foregoing paragraphs.

72.     The California Consumers Legal Remedies Act, California Civil Code Section 1750 *et seq.* ("CLRA") was designed and enacted to protect consumers from unfair and deceptive business practices.

73.     Defendant's conduct as it was intended to result and did result in the sale or lease of goods or services for personal, family or household use.

74.     At all relevant times, Plaintiff Perron and members of the Consumer Subclass were "consumers" as that term is defined in Civil Code Section 1761(d).

75.     The transactions from which this action arises include transactions involving the sale or lease of goods or services for personal, family or household purposes within the meaning of Civil Code Section 1761.

76.     In violation of Civil Code section 1770(a)(5), Defendant represented that the HP Notebook Computers had characteristics that they did not have.  In violation of section 1770(a)(7) Defendant represented that its goods were of a particular quality when they were of another.

77.    Plaintiff Perron relied on Defendant's omission to disclose the wireless defect. HP's active concealment of the problem with the wireless capabilities of HP Notebook Computers created a duty to disclose that the computers have a design defect that affects the wireless capability and that HP had no adequate fix for this important design defect. Defendant's active concealment that the HP Notebook Computers had defective wireless capabilities constitute unfair and/or deceptive business practices in violation of Civil Code Section 1770(a)(5) and (7).

78.    Defendant's violations of Civil Code Section 1770 present a continuing threat to members of the public in that Defendant is continuing to engage in the practices alleged above.

79.    Plaintiff Perron has provided Defendant with notice of its alleged violations of the CLRA pursuant to Civil Code section 1782(a). HP failed to provide appropriate relief for its violation of the CLRA within 30 days of the date of the notification letter. Plaintiff seeks actual, statutory and punitive damages, in addition to equitable and injunctive relief.

## IX.    FIFTH CAUSE OF ACTION

### (Violation of Business & Professions Code § 17200)

### (Unlawful Business Practice)

80.    Plaintiff incorporates and realleges all of the foregoing paragraphs.

81.    Defendant has engaged in an unlawful business practice within the meaning of California Business & Professions Code § 17200 *et seq.* because Defendant's conduct violates the California Consumers Legal Remedies Act.

82.    Plaintiffs, who relied on the failure to disclose the wireless defect, have suffered actual harm as a result.

83.    Plaintiffs have suffered a loss of money and property as a result of the wrongful conduct here alleged. Defendant's unlawful business practices have caused injury to Plaintiffs, the Class, and the public.

84.    Plaintiffs and the Class are entitled to relief, including full restitution of all revenues obtained by Defendant from Plaintiffs and the Class as a result of such business acts or

1   practices, and an injunction that Defendant cease and desist from engaging in the unlawful

2   practices alleged above.

## X.   FIFTH CAUSE OF ACTION
### (Violation of Business & Professions Code § 17200)
### (Fraudulent Conduct)

85.     Plaintiffs incorporate and realleges all of the foregoing paragraphs.

86.     Defendant has engaged in fraudulent conduct within the meaning of California

Business & Professions Code § 17200 *et seq.*

87.     Defendant's wrongful business acts constituted, and constitute, a continuing course

of fraudulent conduct because Defendant is selling its products and marketing them in a manner

that is likely to deceive the public, and Plaintiffs relied on Defendant's omission and have

suffered actual harm as a result.

88.     Plaintiffs are informed and believe that Defendant knew that its omission

regarding the HP Notebook Computers wireless capabilities was material.

89.     Plaintiffs relied on Defendant's omission and suffered a loss of money and

property as a result of Defendant's fraudulent conduct.  Defendant's fraudulent practices have

caused injury to Plaintiffs, the Class, and the public.

90.     Plaintiffs and the Class are entitled to relief, including full restitution of all

revenues obtained by Defendant from Plaintiffs and the Class as a result of such fraudulent

practices, and an injunction that Defendant cease and desist from engaging in the practices here

described.

**WHEREFORE**, Plaintiffs and the Class pray for relief as set forth below:

## XI.   PRAYER FOR RELIEF

1.     Certification of the proposed Class and Subclasses;

2.     Restitution;

3.     An injunction that Defendant cease and desist from engaging in the unfair,

unlawful, and/or fraudulent practices alleged in the Complaint;

4.     Compensatory damages ;

5.      Statutory damages;

6.      Prejudgment interest;

7.      Costs and expenses;

8.      Reasonable attorneys fees; and

9.      All such other and further relief as the Court deems just and proper.

Dated: February 18 2010

RAM & OLSON

By: _Michael F. Ram_

Michael F. Ram
mram@ramolson.com
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN KODROFF
   & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiff and the Class*

/ / /

/ / /

/ / /

/ / /

## XII. JURY DEMAND

Plaintiff on behalf of themselves and all others similarly situated hereby request a jury trial on the claims so triable.

Dated: February 18, 2010

RAM & OLSON

By: _Michael F. Ram_

Michael F. Ram
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

EDELSON & ASSOCIATES, LLC
Marc H. Edelson
medelson@edelson-law.com
45 W. Court Street
Doylestown, PA 18901
Telephone: (215) 230-8043
Facsimile: (215) 230-8735

SPECTOR, ROSEMAN KODROFF
  & WILLIS, P.C.
Jeffrey L. Kodroff (*Pro Hac Vice*)
jkodroff@srkw-law.com
John A. Macoretta
JMacoretta@srkw-law.com
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiff and the Class*

N:\Docs\1113-01\PERRON-HATFIELD CASE\Complaint-Perron-Hatfield 2-16.doc