HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

KRISTOFOR T. HENNING (PAB 85047)
(*Pro Hac Vice*)
FRANCO A. CORRADO (PAB 91436)
(*Pro Hac Vice*)
SHEVON L. SCARAFILE (PAB 206552)
(*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAND PERRON, and G. DAVID HATFIELD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 10-695 (JW)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT HEWLETT-PACKARD COMPANY TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** November 15, 2010<br>**Time:** 9:00 am<br>**Place:** Courtroom 8, 4th Floor<br>**Before:** Honorable James Ware |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 15, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-captioned court, defendant Hewlett-

1  Packard Company ("HP") will, and hereby does, move this Court for an Order under Federal Rule
2  of Civil Procedure 12(b)(6) dismissing Plaintiffs Normand Perron and David Hatfield's
3  ("Plaintiffs'") Complaint.
4
5        This motion is based on, *inter alia*,: (a) the Court's prior dismissal of virtually all of
6  Plaintiffs' claims in related litigation; (b) Plaintiffs' allegations showing that HP provided them
7  with more than the benefit of their bargain; (c) Plaintiffs' failure to allege that HP knew of any
8  alleged product defect they claim they experienced with their HP computers before Plaintiffs'
9  purchases; and (d) Plaintiff Hatfield's allegations that he bought his HP computer for business use
10 in Tennessee and his failure to allege any improper conduct from HP in California.
11
12       HP's motion is based on, *inter alia*, this Notice, the concurrently-filed Memorandum of
13 Points and Authorities and [Proposed] Order, the Complaint and documents relied upon therein,
14 the Court's records and files, and any other evidence and argument that the Court may entertain at
15 any hearing of this matter.

16 Dated: June 11, 2010                 Respectfully Submitted,
17                                        **MORGAN, LEWIS & BOCKIUS LLP**
18                                        By: /s/ Kristofor T. Henning
19                                          Kristofor T. Henning
20                                        Attorneys for HEWLETT-PACKARD COMPANY
21
22
23
24
25
26
27
28

DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. FACTS ................................................................................................................................... 3

    A. HP's Obligations To Plaintiffs Were Defined By Its Limited Warranty ................ 3

    B. HP Went Above And Beyond Its Obligations To Plaintiffs And Implemented The Program That Offered A Free Repair For Wireless Failures .......................... 4

    C. Plaintiffs' Alleged Experience With Their Computers ........................................... 4

III. STANDARD OF REVIEW .................................................................................................. 5

IV. STATEMENT OF THE ISSUES ......................................................................................... 6

V. ARGUMENT ......................................................................................................................... 6

    A. The Court Already Dismissed Most Of The Claims Found In Plaintiffs' Complaint In Nygren And There Is No Reason For A Different Result Here ........ 6

    B. Plaintiffs' UCL "Unfair" Prong Claim Fails For Additional Reasons Apparent From The Face Of Plaintiffs' Complaint ................................................. 7

        1. Plaintiffs Received More Than The Benefit Of Their Bargain ................... 7

        2. Plaintiffs Have Not Alleged That HP Knew Of The Alleged Wireless Problem They Claim They Experienced Before They Bought Their Computers .......................................................................... 9

    C. Neither The CLRA Nor The UCL Can Apply To Plaintiff Hatfield's Claims ..... 10

        1. Plaintiff Hatfield Is Not A Consumer Who Can Sue Under The CLRA .................................................................................................. 10

        2. Plaintiff Hatfield Has Not Alleged A Sufficient Connection To California To Sue Under The UCL Or CLRA .......................................... 10

VI. CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................. 5, 10

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ..................................................... 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 5, 10

*Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009) ...................................................................... 7

*Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2006 WL 3093685
    (N.D. Cal. Oct. 31, 2006) ............................................................................................................ 5, 9

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) ........................................ 11

*Churchill Village, LLC v. GE*, 169 F. Supp. 2d 1119 (N.D. Cal. 2000) ........................................ 11

*Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824
    (2d Dist. 2006) ......................................................................................................................... 7, 8

*Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (4th Dist. 2008) .............................................................. 8

*Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099 (N.D. Cal. 2007) ......................................... 5, 6, 8

*Kaplan v. Rose*, 49 F.3d 1363 (9th Cir. 1994) ................................................................................. 6

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .............................................................. 5

*Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965 (1st Dist. 1997) .............................................. 9

*Long v. Hewlett-Packard Co.*, No. C-06-02816 JW, 2006 WL 4877691
    (N.D. Cal. Dec. 21, 2006) ............................................................................................................ 9

*Long v. Hewlett-Packard Co.*, No C 06-02816, 2007 U.S. Dist. LEXIS 79262
    (N.D. Cal. 2007), *aff'd*, 316 F. App'x 585 (9th Cir. 2009) ................................................... 3, 8, 9

*Lyons v. Coxcom, Inc.*, No. 08-02047, 2009 WL 347285 (S.D. Cal. Feb. 6, 2009) ...................... 10

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ............................................................................... 3

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) .............................................................................. 5

*Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214 (4th Dist. 1999) ...................... 11

*Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008),
    *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ............................................................................... 5, 8, 9

*Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583 (4th Dist. 2008) ............................................... 8

*Priyanto v. M/S Amsterdam,* No. CV 07-3811, 2009 WL 175739
    (C.D. Cal. Jan. 23, 2009) ........................................................................................................... 11

*Speyer v. Avis Rent a Car Sys.*, 415 F. Supp. 2d 1090 (S.D. Cal. 2005),
   *aff'd*, 242 F. App'x 474 (9th Cir. 2007) .................................................................................. 11

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ................................................ 5

*Standfacts Credit Servs. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141 (C.D. Cal.
   2005) ....................................................................................................................................... 11

*Tidenberg v. BIDZ.com, Inc.*, No. CV 08-5553, 2009 WL 605249 (C.D. Cal. Mar. 4, 2009) ...... 11

*Tietsworth v. Sears*, No. 5:09-CV-00288, 2009 U.S. Dist. LEXIS 98532 (N.D. Cal. Oct.
   13, 2009) ........................................................................................................................... 5, 6, 8

*Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097 (9th Cir. 2003) ............................................................. 6

*ZL Techs., Inc. v. Gartner, Inc.*, No. CV 09-02393, 2009 WL 3706821
   (N.D. Cal. Nov. 4, 2009) .......................................................................................................... 7

**STATUTES**

Cal. Bus. & Prof. Code § 17203 ..................................................................................................... 7

Cal. Bus. & Prof. Code §17204 ...................................................................................................... 7

Cal. Civ. Code § 1761(d) .............................................................................................................. 10

Cal. Civ. Code § 1780(a) .............................................................................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Normand Perron and David Hatfield ("Plaintiffs") filed this putative nationwide class action alleging that Hewlett-Packard Co. ("HP") knowingly sold them notebook computers with wireless internet capability that malfunctioned and failed to repair their computers. The component that Plaintiffs allege caused their wireless malfunctions was not manufactured by HP, but rather by Nvidia Corporation. Still, Plaintiffs have filed this lawsuit against HP. Plaintiffs assert claims for breach of warranty and violation of the Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA").

Although Plaintiffs are new to litigation against HP regarding the wireless internet capability of their computers, their counsel is not. In November 2007, Plaintiffs' current counsel filed a putative nationwide class action with three (3) different named plaintiffs based on the same allegations found in this case. *See Nygren v. Hewlett-Packard Co.*, No. 07-5793 JW ("*Nygren*"). At Plaintiffs' request, the Court has marked this matter related to *Nygren* under Local Rule 3-12 on the ground that both actions "involve the same Defendant, the same alleged product defect, and a substantially similar core set of facts as to the underlying events." *See* Declaration of Kristofor T. Henning ("KTH Dec."), Ex. 1 at 2 (noting "substantial similarity of parties and events"). As explained below, Plaintiffs and their counsel's attempt at a second bite at the apple against HP fails as a matter of law.

This Court has already dismissed all but one of the claims found in Plaintiffs' Complaint. In *Nygren* – which Plaintiffs claim involves the same alleged product defect and underlying allegations as in this case – the Court dismissed all of the plaintiffs' claims' except their claim that HP violated the "unfair" prong of the UCL. *See* KTH Dec., Ex. 2. There is no reason for a different result here.

Fatal flaws in Plaintiffs' Complaint require dismissal of Plaintiffs' "unfair" UCL claim. Plaintiffs' HP computers came with a one-year "repair or replace" limited warranty ("Limited Warranty"). HP's Limited Warranty did not promise perfect or uninterrupted use of Plaintiffs'

1 computers, but instead only necessary repairs or replacement within the one-year warranty period 2 for any defective parts. Under settled California law, HP was obligated only to comply with its 3 Limited Warranty obligations and had no obligation to repair Plaintiffs' computers outside of 4 their one-year Limited Warranty period. Still, although it was under no obligation to do so, HP 5 chose to provide Plaintiffs with more than the benefit of their bargain in the form of a Limited 6 Warranty Enhancement Program (the "Program") that, *inter alia*, provided a free repair 7 (including free shipping) to customers who experienced a wireless internet malfunction within 8 *two* years after their purchase. Plaintiffs do not allege that they took advantage of HP's free 9 Program repair. Plaintiffs' apparent decision to forego HP's Program repair cannot change the 10 fact that they received more than the benefit of their bargain and, therefore, cannot allege any 11 injury caused by HP.

12 There are additional defects in Plaintiffs' UCL and CLRA claims. To sustain UCL and 13 CLRA claims based on alleged product defects, a plaintiff must allege facts sufficient to show 14 that the defendant had pre-sale knowledge of the alleged defect he experienced. Here, in an 15 attempt to allege the pre-sale knowledge required by HP, Plaintiffs rely on alleged internet 16 complaints from other computer purchasers. But, each of those complaints post-dates Plaintiffs' 17 purchases and, therefore, cannot logically demonstrate the required *pre-sale* knowledge from HP. 18 Without those allegations, Plaintiffs are left with only bare recitations of the knowledge element 19 of their claims that are not sufficient to withstand a motion to dismiss under the Supreme Court's 20 decisions in *Twombly* and *Iqbal*.

21 Finally, based on the allegations in Plaintiffs' Complaint, the CLRA and UCL cannot 22 apply to Plaintiff Hatfield's claims. First, Plaintiff Hatfield alleges that he bought his computer 23 for business purposes and, therefore, he is not a "consumer" authorized to sue under the CLRA. 24 Second, Plaintiff Hatfield alleges that he is a Tennessee resident who apparently bought his HP 25 computer in Tennessee – and Plaintiffs do not allege (presumably because they know from 26 *Nygren* that they cannot) that their computers were designed in California. Therefore, Plaintiff 27 Hatfield's claims are beyond the geographic reach of the CLRA and UCL.[1]

28 [1] HP has moved to stay this matter pending a class certification decision in *Nygren* and that

2
Case No. 10-695 (JW)
DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS

## II. FACTS

### A. HP's Obligations To Plaintiffs Were Defined By Its Limited Warranty.

Plaintiffs allege that they bought HP notebook computers that came with HP's one-year "repair or replace" Limited Warranty that provides, in part:

> HP warrants that the HP hardware product and all the internal components of the product that you have purchased or leased from HP are free from defects in materials and workmanship under normal use during the Limited Warranty Period. . . . During the Limited Warranty Period, HP will repair or replace the defective component parts or the hardware product. . . . In the unlikely event that your HP product has a recurring failure, HP, at its discretion, may elect to provide you with a replacement unit of HP's choosing that is at least equivalent to your HP branded product in hardware performance. HP reserves the right to elect, at its sole discretion, to give you a refund of your purchase price or lease payments (less interest) instead of a replacement. This is your exclusive remedy for defective products.
>
> \* \* \* \* \* \* \* \*
>
> HP does not warrant that the operation of this product will be uninterrupted or error-free.

*See* Complaint ¶¶ 1-4; KTH Dec., Ex. 3 at 2, 3.[2] As this Court previously explained, HP "does not warrant that its products will operate uninterruptedly or free of errors – simply that HP will repair or replace any product to the warranted condition within a reasonable time." *See Long v. Hewlett-Packard Co.*, No. C-06-02816, 2007 U.S. Dist. LEXIS 79262, at *12 (N.D. Cal. 2007), *aff'd*, 316 F. App'x 585 (9th Cir. 2009).

---

motion remains pending. HP has filed its motion to dismiss in response to the Court's May 20, 2010 Order concluding that the existence of HP's motion to stay does not preclude all activity pending a decision on that motion. Still, HP continues to believe a stay is appropriate and does not waive any of its arguments in that regard.

[2] Plaintiffs themselves have alleged the existence of HP's Limited Warranty and made allegations regarding its content. *See* Complaint ¶¶ 3, 28, 37, 38, 64, 68. Therefore, it is properly considered at the motion to dismiss stage. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The same is true for HP's Program. *See* Complaint ¶¶ 25-28, 53; *Marder,* 450 F.3d at 448.

### B. HP Went Above And Beyond Its Obligations To Plaintiffs And Implemented The Program That Offered A Free Repair For Wireless Failures.

In November 2007, HP implemented (or, more precisely, expanded) the Program for certain notebook computers (including Plaintiffs' computers) to provide for a free repair to customers who experienced certain symptoms, including wireless failures. KTH Dec., Ex. 4 at 1-3. Plaintiffs' Complaint expressly alleges the existence of HP's Program. Complaint ¶¶ 25-28, 53.[3] The Program, as currently posted on HP.com, provides for a free wireless repair (usually a motherboard replacement) and free shipping for twenty-four months after a customer's purchase. KTH Dec., Ex. 4 at 3. The free Program repair comes with its own 90-day warranty. *Id.* (explaining that "[a]fter HP repairs your notebook, you will continue to be covered by the HP Limited Warranty Service Enhancement program for 24 months after the start of your original standard limited warranty, or 90 days after receiving your free repair, whichever is later"). Under the Program, therefore, eligible customers (including Plaintiffs) who have experienced a problem with the wireless capability of their notebook computers had "up to 24 months after the start of [their] original standard limited warranty entitlement to get [their] notebook repaired. . . ." *Id.* at 6. If a customer who receives a Program repair experiences a covered wireless symptom again within the eligible Program period, HP will provide another free repair. *Id.* at 3.

### C. Plaintiffs' Alleged Experience With Their Computers

Plaintiff Perron, a resident of California, alleges that he purchased a Presario V6030US notebook computer on September 26, 2006. Complaint ¶ 15. Although Plaintiffs acknowledge the existence of the Program and their counsel was obviously aware of it from *Nygren* (Complaint ¶ 53), they do not allege that Plaintiff Perron took advantage of its free repair.

Plaintiff Hatfield, a Tennessee resident, alleges that he purchased an HP dv6448se notebook computer at a Best Buy in Knoxville, Tennessee on August 3, 2007. *Id.* ¶ 20. Plaintiff

---

[3] The Program does not extend the term of HP's Limited Warranty. It does not affect the terms of that Limited Warranty. The Program is instead an additional level of repair beyond HP's Limited Warranty.

Hatfield expressly alleges that he bought his computer for "business use." *Id.* ¶ 20. Plaintiff Hatfield also does not allege that he sought a repair for his computer either under his Limited Warranty or the Program.

### III. STANDARD OF REVIEW

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or if plaintiff lacks a "cognizable legal theory," *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)), *aff'd*, 322 F. App'x 489 (9th Cir. 2009). While well-pleaded allegations of material fact are assumed to be true, courts need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Furthermore, "claims alleging fraud are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)." *Tietsworth v. Sears*, No. 5:09-CV-00288, 2009 U.S. Dist. LEXIS 98532, at *10 (N.D. Cal. Oct. 13, 2009). "'Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL' where such claims are based on a fraudulent course of conduct." *Id.* at *17 (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). Here, Plaintiffs allege that, *inter alia*, HP violated the UCL and CLRA by knowingly selling defective computers. *See* Complaint ¶¶ 2, 43, 71-90. These allegations sound in fraud. *See Brothers v. Hewlett-Packard Co.*, No. C-06-02254, 2006 WL 3093685, at *6 (N.D. Cal. Oct. 31, 2006) (allegations "that HP sold [computers] with a known defect [and] falsely represented that the [computers] were free from defects" "sound in fraud"). Plaintiffs thus must meet the heightened pleading requirements of FRCP 9(b), and, to do so, their allegations "'must be accompanied by the who, what, when, where, and how of the misconduct charged.'" *Hoey v.*

*Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1102 (N.D. Cal. 2007) (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *see also Tietsworth*, 2009 U.S. Dist. LEXIS 98532, at *11 ("claims based in fraud 'must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud'") (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)).

## IV. STATEMENT OF THE ISSUES

1. Whether all but Plaintiffs' UCL "unfair" claim in their Complaint should be dismissed where the Court has already dismissed those claims in related litigation.

2. Whether Plaintiffs who receive more than the benefit of their bargain can sustain a claim under the UCL's "unfair" prong.

3. Whether Plaintiffs who cannot allege a product manufacturer's pre-sale knowledge of an alleged product defect can sustain a UCL "unfair" prong claim.

4. Whether a plaintiff who alleges he bought the relevant product for business use has standing to sue under the CLRA.

5. Whether a non-California resident who bought the relevant product outside of California can sue under the UCL with no allegation that any allegedly improper conduct from the defendant occurred in California.

## V. ARGUMENT

### A. The Court Already Dismissed Most Of The Claims Found In Plaintiffs' Complaint In *Nygren* And There Is No Reason For A Different Result Here.

In *Nygren*, this Court already dismissed all but the UCL "unfair" prong claim found in Plaintiffs' Complaint based on the same allegations of allegedly malfunctioning wireless internet functionality in Plaintiffs' computers. *See* KTH Dec., Ex. 2. Plaintiffs are members of the putative class in Nygren. *See* Complaint ¶¶ 15, 20 (alleging Plaintiff bought series V6000 and dv6000 computers); KTH Dec., Ex. 5 (Plaintiffs' Notice of Motion and Motion for Class Certification in *Nygren*) at 3 (including Plaintiffs' computer models in putative class). According

to Plaintiffs' current counsel, the *Nygren* plaintiffs' claims are typical of Plaintiffs' claims and both claims arise out of the same transaction or occurrence. KTH Dec., Ex. 5 at 13. Indeed, that was the basis of Plaintiffs' request to mark this matter related to *Nygren* and the Court's Order granting Plaintiffs' request. *See* KTH Dec., Ex. 1 at 2 (noting "substantial similarity of parties and events"). Therefore, the Court can and should summarily dismiss all but Plaintiffs' UCL "unfair" prong claim for the same reasons it dismissed those claims in *Nygren*.[4]

### B. Plaintiffs' UCL "Unfair" Prong Claim Fails For Additional Reasons Apparent From The Face Of Plaintiffs' Complaint.

Plaintiffs' UCL "unfair" claim also must be dismissed for two reasons apparent from the face of Plaintiffs' Complaint. First, the law is settled that a plaintiff who receives the benefit of his bargain cannot sustain a UCL claim. Here, HP provided Plaintiffs with *more* than the benefit of their bargain by creating the Program that provided them with an additional avenue of repair beyond their Limited Warranty. Second, Plaintiffs have not alleged that HP knew of the alleged wireless problem with their computers they claim they experienced until after their purchases. They cannot, therefore, allege HP's pre-sale knowledge required under the law.

#### 1. Plaintiffs Received More Than The Benefit Of Their Bargain.

Following the Proposition 64 amendments to the UCL, plaintiffs must show that they "suffered [an] injury in fact" and "lost money or property as a result of" a defendant's allegedly improper conduct. Cal. Bus. & Prof. Code §§ 17203, 17204; *see generally Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009); *ZL Techs., Inc. v. Gartner, Inc.*, No. CV 09-02393, 2009 WL 3706821, at *10 (N.D. Cal. Nov. 4, 2009). In addition to those standing requirements, plaintiffs asserting claims under the "unfair" prong of the UCL bear the burden of proving that they suffered a "substantial" consumer injury that they could not reasonably have avoided and that is "not outweighed by any countervailing benefits to consumers or to competition." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 826 (2d Dist. 2006). Neither Plaintiff

---

[4] HP does not concede that California law could apply to Plaintiffs' claims, but has addressed the failures in Plaintiffs' claims under California law because they have relied on that law.

1  can establish both the standing requirements and elements of their claims because HP provided
2  them with more than the benefit of their bargain through the Program. They just chose not to take
3  advantage of it.

4  Under California law, HP's only obligation to Plaintiffs was to repair or replace defective
5  components in their computers under its one-year Limited Warranty. "A manufacturer's duty to
6  consumers is limited to its warranty obligations absent either an affirmative misrepresentation or
7  a safety issue." *See, e.g.*, *Oestreicher v. Alienware Corp.*, 322 F. App'x 489, 493 (9th Cir. 2009);
8  *Long*, 2007 U.S. Dist. LEXIS 79262, at *12; *see also Daugherty*, 144 Cal. App. 4th at 834; *Hoey*
9  *v. Sony Elecs.*, Inc., 515 F. Supp. 2d 1099, 1104 (N.D. Cal. 2007); KTH Dec., Ex. 3 at 2 (HP's
10 warranty providing for repair or replacement of any defective components within one year).

11 In this instance, HP did more than the law required, however. Instead of limiting
12 Plaintiffs to their Limited Warranty rights as it could have, HP created the Program and provided
13 Plaintiffs with more than they bargain for. Whereas Plaintiffs bargained only for a computer
14 subject to a one-year Limited Warranty, they received – through the Program – an opportunity for
15 a wireless repair for two (2) years after their purchases. Plaintiffs who receive the benefit of their
16 bargain cannot assert UCL claims. *See, e.g.*, *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 854-55
17 (4th Dist. 2008); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1591 (4th Dist. 2008).
18 Plaintiffs who receive *more* logically cannot fare any better.

19 Plaintiffs do not allege that they took advantage of the free repair available under the
20 Program. Plaintiffs' collective decision to avoid HP's free repair under the Program is fatal to
21 their "unfair" UCL claims on multiple fronts. Even assuming Plaintiffs have alleged that they
22 suffered an injury in the form of a notebook computer without functioning wireless internet
23 capability (which HP does not concede), any such injury was caused by their own decision to
24 forego HP's free repair–not any unlawful conduct from HP. Likewise, Plaintiffs cannot satisfy
25 the *Daugherty* test for "unfair" UCL claims because their alleged injury was avoidable through a
26 repair under the Program. In fact, another Court within this District has correctly decided that a
27 product defect injury is "avoidable" through the purchase of an extended warranty. *See*
28 *Tietsworth*, 2009 U.S. Dist. LEXIS 98532, at *24 (dismissing UCL unfair claim because plaintiffs

failed to allege that "they could not reasonably have avoided their claimed injuries, for example by purchasing an extended warranty"). The facts of this case are even more compelling for HP because Plaintiffs received the option of a repair beyond their warranty rights through the Program *free of charge*. *See, e.g.*, *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969-70 (1st Dist. 1997) (rejecting UCL "unfair" claim based on defendant's post-sale remedial efforts provided above prior existing obligations). Simply put, Plaintiffs received *more* than the benefit of their bargain—they simply chose not to take advantage of it. Therefore, they cannot sustain their UCL "unfair" claim.

### 2. Plaintiffs Have Not Alleged That HP Knew Of The Alleged Wireless Problem They Claim They Experienced Before They Bought Their Computers.

To sustain UCL claims based on alleged product defects, a plaintiff must plead and prove that the defendant had pre-sale knowledge of the alleged defect the plaintiff claims he experienced. *See Klein*, 59 Cal. App. 4th at 969 (holding that "the unintentional distribution of a defective product" is "beyond the scope" of the UCL); *see also Long*, 2007 U.S. Dist. LEXIS 79262, at *24-25; *Brothers*, 2006 WL 3093685, at *6-7. In an attempt to allege the knowledge required by HP, Plaintiffs rely on alleged internet complaints from other purchasers. Complaint ¶¶ 52, 54. A collection of customer complaints about alleged problems experienced by other purchasers, however, is not sufficient. The *Oestreicher* court, for instance, rejected almost identical allegations, holding that averments "that [defendant] was made aware of the defects through consumer complaints and postings on the internet" were "not enough to impute knowledge upon defendant[]." 544 F. Supp. 2d at 967, 975 n.9; *see also Long v. Hewlett-Packard Co.*, No. C-06-02816 JW, 2006 WL 4877691, at *1, *3 (N.D. Cal. Dec. 21, 2006) (allegations that "HP learned of the defect through service calls and repair reports" were not sufficient to show "that HP knew about the relevant defects (and made misrepresentations) when Plaintiffs in particular purchased their [computers]"). But even if internet complaints from other purchasers could, in some cases, suffice (which HP does not concede) – the complaints upon

which Plaintiffs rely in this case cannot. The complaints identified in Plaintiffs' Complaint post-date their purchases. Complaint ¶¶ 15, 20, 52, 54. Logically, therefore, they cannot impute knowledge to HP of any alleged defect before Plaintiffs' purchases.[5]

There is an additional fatal flaw in Plaintiffs' attempt to allege the pre-sale knowledge required by HP. Plaintiffs' Complaint does not identify what alleged defect they claim actually manifested in their computers. Logically, therefore, they cannot allege that HP knew of any such particular defect before they bought their computers.

### C. Neither The CLRA Nor The UCL Can Apply To Plaintiff Hatfield's Claims.

Based on the allegations in Plaintiffs' Complaint, neither the CLRA nor the UCL can apply to Plaintiff Hatfield's claims. The CLRA cannot apply because Plaintiff Hatfield expressly alleges that he bought his computer for business use and, therefore, he is not a "consumer" who can sue under the CLRA. The UCL cannot apply because Plaintiff Hatfield is a non-California resident who suffered any harm outside of California without any allegation that HP's allegedly improper conduct toward him occurred in California.

#### 1. Plaintiff Hatfield Is Not A Consumer Who Can Sue Under The CLRA.

Only a "consumer" who "seeks or acquires, by purchase or lease, any goods or services for personal, family or household purposes" has standing to sue under the CLRA. Cal. Civ. Code §§ 1761(d), 1780(a); *see also Lyons v. Coxcom, Inc.*, No. 08-02047, 2009 WL 347285, *4 (S.D. Cal. Feb. 6, 2009). Plaintiff Hatfield expressly alleges that he bought his computer for business use, however. Complaint ¶ 20. Therefore, he lacks standing to sue under the CLRA.

#### 2. Plaintiff Hatfield Has Not Alleged A Sufficient Connection To California To Sue Under The UCL Or CLRA.

A non-California resident like Plaintiff Hatfield cannot bring a UCL claim to address an

---

[5] Plaintiffs' assertion that "HP was aware of the design defect before Plaintiffs purchased their HP Notebook Computer[s]" (Complaint ¶ 47) is merely a bare recitation of one of the elements of their claims that is insufficient under *Iqbal* and *Twombly* to withstand a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 545. That is particularly true because the actual facts upon which Plaintiffs rely contradict their formulaic assertion.

alleged injury that occurred outside of California. As another Court explained: "A plaintiff may not bring a UCL claim to address an alleged injury that occurred outside of California." KTH Dec., Ex. 6 (March 16, 2010 Order Granting HP's Motion to Dismiss in *Young v. Hewlett-Packard Co.*, No. CV09-0315 (C.D. Cal.)) at 3 (dismissing UCL claim against HP at pleading stage because plaintiff "bought his printer and replacement cartridges in Pennsylvania" and printers were designed in "Japan and manufactured in China").[6] Similarly, CLRA claims cannot survive where the alleged injury occurred outside of California and also did not "emanate" from California. *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007) (stating that only conduct "emanating from California may give rise to a CLRA cause of action"). Plaintiff Hatfield (a Tennessee resident who bought his computer in Tennessee) does not allege that any allegedly improper conduct from HP toward him occurred in California – an omission that is particularly telling given all of the discovery his counsel has obtained in *Nygren*. Without such an allegation, the UCL and CLRA cannot apply to Plaintiff Hatfield's claims.

---

[6] *See also Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (4th Dist. 1999) (explaining that UCL was neither designed nor intended to "regulate claims of nonresidents arising from conduct occurring entirely outside of California"); *Standfacts Credit Servs. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1148 (C.D. Cal. 2005) (noting that "the UCL does not apply to actions occurring outside of California that injure non-residents"). Numerous courts have, therefore, rejected UCL claims where a non-California resident was allegedly injured by conduct taken outside of California. *See, e.g.*, *Tidenberg v. BIDZ.com, Inc.*, No. CV 08-5553, 2009 WL 605249, at *4 (C.D. Cal. Mar. 4, 2009) (holding that if "neither of these questions [whether injury or conduct occurred in California] can be answered in the affirmative, then [non-resident] Plaintiff will be unable to avail herself of" the UCL–even against defendant whose principal place of business was in California); *Priyanto v. M/S Amsterdam*, No. CV 07-3811, 2009 WL 175739, at *5 (C.D. Cal. Jan. 23, 2009) (granting partial summary judgment and holding that UCL does not apply because plaintiffs could not demonstrate they worked in California); *Speyer v. Avis Rent a Car Sys.*, 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005) (granting motion to dismiss and holding that, even though plaintiffs were California residents, conduct and injury occurred outside of California), *aff'd*, 242 F. App'x 474 (9th Cir. 2007); *Churchill Village, LLC v. GE*, 169 F. Supp. 2d 1119, 1126-27 (N.D. Cal. 2000) (holding that no alleged misconduct or injuries occurred in California and defendant's in-state sales alone could not be "considered sufficient to establish a nexus with California").

## VI. CONCLUSION

The Court should dismiss Plaintiffs' Complaint with prejudice.

Dated: June 11, 2010                               MORGAN, LEWIS & BOCKIUS LLP

                                                   By: /s/ Kristofor T. Henning
                                                       Kristofor T. Henning
                                                       Attorneys for Defendant
                                                       Hewlett-Packard Company

**PROOF OF SERVICE**

I, Bethany Wong, hereby certify that on June 11, 2010, I caused the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT HEWLETT-PACKARD COMPANY TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be served upon the persons named below in the manner specified:

**By ECF:**

MICHAEL F. RAM
mram@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415-433-4949
Facsimile: 415-433-7311

MARC H. EDELSON
medelson@edelson-law.com
EDELSON & ASSOCIATES, LLC
45 W. Court Street
Doylestown, PA 18901
Telephone: 215-230-8043
Facsimile: 215-230-8735

JEFFREY L. KODROFF
jkodroff@srkw-law.com
JOHN A. MACORETTA
jmacoretta@srkw-law.com
SPECTOR, ROSEMAN KODROFF & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: 215-496-0300
Facsimile: 215-496-6611

Attorneys for Plaintiffs

Dated: June 11, 2010                By: _____
                                          Bethany Wong

Case No. 10-695 (JW)

DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS