HOWARD HOLDERNESS (SBN 169814)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
E-mail: hholderness@morganlewis.com

KRISTOFOR T. HENNING (PAB 85047)
(*Pro Hac Vice*)
FRANCO A. CORRADO (PAB 91436)
(*Pro Hac Vice*)
SHEVON L. SCARAFILE (PAB 206552)
(*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
E-mail: khenning@morganlewis.com

Attorneys for Defendant
HEWLETT-PACKARD COMPANY

MICHAEL F. RAM (SBN 104805)
KARL OLSON (SBN 104760)
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415-433-4949
Facsimile: 415-433-7311
Email: mram@ramolson.com

Attorneys for Plaintiffs

JEFFREY L. KODROFF (55780)
JOHN A. MACORETTA (60094)
SPECTOR ROSEMAN KODROFF
& WILLIS, P.C.
1818 Market Street – Suite 2500
Philadelphia, PA   19103

(*Pro Hac Vice*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAND PERRON, and G. DAVID HATFIELD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No. 10-695 (LHK)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:** October 28, 2010<br>**Time:** 1:30 pm<br>**Place:** Courtroom 4, 5th Floor<br><br>**Action Filed:** February 18, 2010 |

The parties to this action jointly submit the following Case Management Statement pursuant to Civil Local Rule 16-10(d) and this Court's Orders dated August 2, 2010 and August 9, 2010:

1. **Date Case Was Filed**: February 18, 2010

2. **List or Description of All Parties**:

    i. Normand Perron – Plaintiff

    ii. G. David Hatfield – Plaintiff

    iii. Hewlett-Packard Company - Defendant

3. **Summary of All Claims, Counter-Claims, Cross-Claims, Third-Party Claims**:

The *Perron* plaintiffs ("Plaintiffs") assert claims for violation of the California Business & Professions Code Sections 17200 *et seq.* and 17500 *et seq.*, breach of express warranty, and violations of the California Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.* Hewlett-Packard Company ("HP") has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.

4. **Brief Description of the Event Underlying the Action**: According to the Plaintiffs, they bring this case on behalf of consumers, both in California and nationwide, who purchased HP notebook computers, including the Pavilion Series 6000 and 9000 and the Presario Series 6000 notebook computers. Plaintiffs allege that these computers suffer from a common defect that causes the wireless capability on a substantial number of them to fail within the first five years, including during the first year of use, rendering the computers unable to remotely connect to the internet. Plaintiffs allege that notebook computers are designed for mobility and convenience. Plaintiffs further allege that one of the primary uses of a notebook computer is for remote access to the internet using a wireless connection. Plaintiffs allege, and believe that discovery in the related *Nygren* case confirms, that the internet connectivity problems appear to

involve both the hardware and the software of the affected notebook computers. Plaintiffs allege that HP has acknowledged the problems and has made several attempts to fix or repair the computers. Plaintiffs believe that discovery in *Nygren* supports this allegation as well. Plaintiffs allege that, to date, none of HP's proposed solutions has entirely solved the problem. Plaintiffs allege that HP's solutions are not available to all members of the proposed class. Plaintiffs further allege that HP has also agreed to a one year extension of the warranty for certain members of the class.

HP denies all allegations of wrongdoing. HP maintains that it has honored its obligations under the law, and that the facts demonstrate that there has been no breach of any warranty, nor any violation of the UCL or CLRA or any other law.

5. **Description of Relief Sought With an Explanation as to How Damages Are Computed**: Plaintiffs are seeking relief under the California Business & Professions Code Sections 17200 *et seq* and 17500 *et seq*, breach of express warranty, violations of the California Consumers Legal Remedies Act, Civil Code Section 1750 *et seq*. Plaintiffs are seeking an injunction ordering HP to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint; certification of the proposed Class and subclasses; restitution; compensatory damages; statutory damages; prejudgment interest; costs; reasonable attorneys fees; and all such other and further relief as the Court deems just and proper. HP disputes that Plaintiffs are entitled to any relief. At present, Plaintiffs have not provided HP with an explanation as to how damages are going to be computed. Plaintiffs did provide the report of an expert economist, Russell Lamb, explaining how damages could be calculated, in the related *Nygren* case.

6. At present, HP does not seek relief from the Plaintiffs, but reserves its right to assert any appropriate counterclaims in the event its' motions to stay and dismiss are denied and it

is required to answer Plaintiffs' Complaint. Plaintiffs reserve the right to seek damages, including punitive damages, based on any further information revealed in discovery.

7. **Discovery:** No discovery has been served or produced to date, although some discovery has been produced in the related *Nygren v. Hewlett-Packard Company* case. HP does not believe that any discovery is appropriate before decisions on its motion to stay and motion to dismiss. If this matter is not stayed, the parties agree that all discovery produced in the *Nygren* case is deemed to be produced in this case as well, subject to entry of a mutually agreeable protective order. HP does not agree that the *Nygren* discovery can be treated as produced in this case before decisions on its motion to stay and motion to dismiss.

8. Plaintiffs believe that Judge Ware's May 20, 2010 Order, setting a discovery cut-off and refusing to stay discovery while HP's Motion for Stay is debated, means that discovery is fully open and that Plaintiffs are entitled to use all discovery produced by HP in the *Nygren* case. Judge Ware specifically found that HP's pending motion to stay was "insufficient grounds to halt all activity in this case" and denied HP's request to stay discovery.

9. **Procedural History**: On February 18, 2010, Plaintiffs filed a Complaint in the Northern District of California with claims for violations of the Unfair Competition Law, Consumer Legal Remedies Act, and breach of express warranty. On February 19, 2010, Plaintiffs filed an administrative motion to consider whether the *Perron* litigation should be related to the *Nygren* litigation and stated that the actions are related. On February 22, 2010, HP filed a declination to proceed before a magistrate judge and request for reassignment to a United States District Judge. In addition, on February 23, 2010, HP opposed the Plaintiffs' request to relate *Perron* to *Nygren*. The *Perron* case was assigned to District Judge Fogel on February 24, 2010. On March 10, 2010, Judge Ware related the *Perron* litigation to the *Nygren* litigation. In the *Nygren* related litigation, Judge Ware granted HP's motion for summary judgment and declared

Plaintiffs' motion for class certification as moot. Plaintiffs intend to appeal the Court's grant of summary judgment, which Plaintiffs contend was based solely on a lack of contacts with California, not an analysis of HP's underlying conduct.

On April 30, 2010, HP filed a motion to stay Plaintiffs' complaint and argued that all proceedings in the *Perron* matter, including HP's obligation to move or otherwise respond to Plaintiffs' complaint, should be stayed. A hearing on the motion to stay was noticed for October 18, 2010, the earliest available date. On May 20, 2010, the Court entered an Order cancelling the May 24, 2010 Case Management Conference and entered a schedule, which is detailed below in Section 8. The parties subsequently entered into a joint stipulation on May 28, 2010 extending HP's time to answer, move or otherwise respond to Plaintiffs' Complaint until June 11, 2010.

On June 11, 2010, HP filed a motion to dismiss the Complaint on the following bases: (1) the Court dismissed virtually all of Plaintiffs' claims in the related *Nygren* litigation; (2) Plaintiffs' allegations demonstrate that HP provided them with more than the benefit of their bargain; (3) Plaintiffs' failed to allege that HP knew of any alleged product defect they claim they experienced with their HP computers before Plaintiffs' purchases; and (4) Plaintiff Hatfield alleges that he bought his HP computer for business use in Tennessee and failed to allege any improper conduct from HP in California. Because of Judge Ware's busy docket, the hearing was scheduled for November 15, 2010. Plaintiffs have not yet responded to the motion to dismiss.

On June 7, 2010 and July 19, 2010, HP had ADR calls with Plaintiffs' counsel. There were no agreements reached between the parties.

In addition to the related *Nygren* matter (now closed after Judge Ware denied the *Nygren* plaintiffs' motion to open the judgment against them), there is litigation pending in the Northern District of California, *In re Nvidia GPU Litigation*. The parties in the *Nvidia GPU Litigation* have reached settlement terms, which, upon court approval, would extinguish the *Perron*

litigation, according to HP.

According to Plaintiffs, their claims in this case are not properly encompassed by the proposed settlement in the *Nvidia GPU Litigation*. Plaintiffs will be filing detailed objections to the *Nvidia* settlement. Plaintiffs further contend that HP's interpretation of the impact of the *Nvidia* settlement is directly contrary to numerous representations made by HP's counsel during the *Nygren* case, and contrary to evidence revealed in discovery in *Nygren*, including documents still under seal which relate directly to an agreement between HP and Nvidia about the *Nygren* case

10. **Deadlines (prior to reassignment)**:

   a. October 18, 2010: Hearing on HP's Motion to Stay

   b. November 15, 2010: Hearing on HP's Motion to Dismiss

   c. December 9, 2010: ADR Conference Call

   d. April 29, 2011: Close of all Discovery

   e. June 27, 2011: Last Date for Hearing Dispositive Motions

   f. March 18, 2011: Preliminary pre-trial conference statements due

   g. March 28, 2011: Preliminary pre-trial conference

   h. 63 days before close of discovery: Expert Disclosures

   i. 49 days before close of discovery: Rebuttal Expert Disclosures

   j. 42 days after expert and rebuttal expert disclosures: Motions to exclude experts

11. **Any Requested Modification of Deadlines**: Per the Court's August 9, 2010 order, HP re-noticed hearings on its motion to stay and motion to dismiss for October 28, 2010. HP does not request a modification, at this time, of any other deadlines, although it reserves its' right in the future to do so.

12. **Consent to Magistrate Judge for Trial**: HP respectfully does not consent to the

assignment of a Magistrate Judge for trial or any other purposes.

13. **Need for an Immediate Case Management Conference:** Neither Plaintiffs nor HP have a need for an immediate case management conference.

Dated: August 18, 2010         **SPECTOR ROSEMAN KODROFF & WILLIS**

　　　　　　　　　　　　　　　 /s/ Jeffrey L. Kodroff
　　　　　　　　　　　　　　　 Jeffrey L. Kodroff (pro hoc vice)
　　　　　　　　　　　　　　　 John A. Macoretta (pro hoc vice)
　　　　　　　　　　　　　　　 SPECTOR ROSEMAN KODROFF & WILLIS
　　　　　　　　　　　　　　　 1818 Market Street – Suite 2500
　　　　　　　　　　　　　　　 Philadelphia, PA   19103
　　　　　　　　　　　　　　　 Telephone:  (215) 496-0300
　　　　　　　　　　　　　　　 Facsimile:    (215) 496-6611
　　　　　　　　　　　　　　　 Email:  jkodroff@srkw-law.com
　　　　　　　　　　　　　　　 Email:  jmacoretta@srkw-law.com

Dated:  August 18, 2010        MICHAEL F. RAM (SBN 104805)
　　　　　　　　　　　　　　　 KARL OLSON (SBN 104760)
　　　　　　　　　　　　　　　 RAM & OLSON LLP
　　　　　　　　　　　　　　　 555 Montgomery Street, Suite 820
　　　　　　　　　　　　　　　 San Francisco, CA 94111
　　　　　　　　　　　　　　　 Telephone: 415-433-4949
　　　　　　　　　　　　　　　 Facsimile:  415-433-7311
　　　　　　　　　　　　　　　 Email: mram@ramolson.com

Dated: August 18, 2010         **MORGAN, LEWIS & BOCKIUS LLP**

　　　　　　　　　　　　　　　 /s/ Kristofor T. Henning

　　　　　　　　　　　　　　　 KRISTOFOR T. HENNING (*pro hac vice*)
　　　　　　　　　　　　　　　 MORGAN, LEWIS & BOCKIUS, LLP
　　　　　　　　　　　　　　　 1701 Market Street
　　　　　　　　　　　　　　　 Philadelphia, PA 19103
　　　　　　　　　　　　　　　 Telephone: 215-963-5000
　　　　　　　　　　　　　　　 Facsimile: 215-963-5001
　　　　　　　　　　　　　　　 E-mail:  khenning@morganlewis.com