UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAND PERRON, and G. DAVID HATFIELD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No.: 10-CV-00695-LHK<br><br>ORDER DENYING MOTION TO STAY |

Plaintiffs move to stay the instant class action pending appeal of a separate class action settlement that extinguishes the claims brought by Plaintiffs in this case. The Court held a motion hearing on April 7, 2011. Having considered the submissions and arguments of the parties, the Court DENIES Plaintiffs' motion to stay.

**I. Background**

On February 18, 2010, Plaintiffs Normand Perron and G. David Hatfield, individually and on behalf of a class and several subclasses, brought suit against Defendant Hewlett-Packard Company ("HP"). The Complaint alleges that certain HP Notebook Computers incorporate a defective Nvidia chip that renders the HP computers unable to connect to the Internet through the internal wireless device. Compl. ¶¶ 8-11.

The *Nvidia GPU litigation*, Case No. 08-04312, is a separate consolidated class action brought against Nvidia for defects in its graphics processing unit and media communications chip.

1

1   On September 15, 2010, Judge James Ware of this District issued an order preliminarily approving a class settlement in the *Nvidia GPU Litigation*. Judge Ware's order prohibited settlement class members from prosecuting any action that asserted claims released by the *Nvidia* settlement pending a determination of whether the settlement should be finally approved. Because the parties agreed that the claims asserted in the instant action might be released by the *Nvidia* settlement, they stipulated to stay all proceedings in this action until 30 days after Judge Ware ruled upon the motion for final approval of the *Nvidia* settlement. The Court issued an order staying this case on October 7, 2010.

On December 20, 2010, Judge Ware issued an order granting final approval of the *Nvidia* class settlement. Thereafter, HP renewed its previously filed motion to dismiss the Complaint in this case for failure to state a claim and also filed a second motion to dismiss on grounds that Plaintiffs' claims were released by the *Nvidia* settlement. Plaintiffs objected to approval of the *Nvidia* settlement before Judge Ware and have appealed the final judgment in the *Nvidia GPU Litigation* to the Ninth Circuit. Plaintiffs concede that if the Ninth Circuit affirms the final judgment in the *Nvidia* litigation, the claims brought in this action will be extinguished, but argue that if they prevail on appeal, litigation of this case may resume. Plaintiffs therefore move to stay this case until their appeal of the *Nvidia* settlement approval is resolved. HP opposes the motion.

**II. Legal Standard**

The power to grant a stay in pending litigation is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, (1936). In an exercise of that discretion, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX*, 300 F.2d at 268). The Ninth Circuit has indicated that "while it is the prerogative of the

1    district court to manage its workload, case management standing alone is not necessarily a

2    sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498

3    F.3d 1059, 1066 (9th Cir. 2007).  Generally, stays should not be of an indefinite nature and should

4    be granted only for a "short, or at least reasonable, duration." *Id.* at 1067.  "The proponent of a

5    stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### III. Discussion

The parties' briefing of Plaintiffs' motion to stay focuses on whether a stay is necessary to conserve judicial resources.  In their opening brief, Plaintiffs argued that a stay pending appeal of the *Nvidia* settlement would conserve the district court's judicial resources: "If Plaintiffs lose the appeal, then their claims in this case will be extinguished.  If Plaintiffs win the appeal, then their claims here will not be extinguished and the litigation can resume."  Mot. to Stay, ECF No. 48.  In its opposition brief, Defendant pointed out that because Plaintiffs concede that their claims are released by the *Nvidia* settlement, this case is likely to be resolved with minimal use of judicial resources.  Defendant argues that Plaintiffs have no basis to oppose its motion to dismiss on the ground that their claims have been released, and therefore the Court can resolve the litigation simply by adopting Defendant's proposed order dismissing the action with prejudice.  Plaintiffs do not dispute this point, but argue in their reply brief that if the Court dismisses the action, Plaintiffs will be forced to file an appeal in order to preserve the statute of limitations on this case.  Thus, Plaintiffs suggest that a stay would conserve judicial resources at the appellate level, if not for the district court.  Plaintiffs also point out that their opening brief in the *Nvidia* appeal is due April 28, 2011, and thus any stay will be of definite and reasonable duration.

In cases where substantial litigation is likely to take place during the pendency of an appeal, courts have at times granted a stay as a means of conserving judicial resources.  *See Canal Properties LLC v. Alliant Tax Credit V, Inc.*, No. C04-03201 SI, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was likely to have preclusive effect and substantial litigation would likely take place during the pendency of the appeal).  However, "the Ninth Circuit has acknowledged that a stay pending appeal is of dubious character and may result in indefinite delay." *ASUSTek Computer Inc. v. Ricoh Co., Ltd.*, No. C 07-01942 MHP, 2007 WL

4190689, at *3 (N.D. Cal. Nov. 21, 2007).  Accordingly, district courts frequently deny requests for a stay pending appeal of a separate, but related, action.  *See, e.g.*, *id.* at 2-3; *Dister v. Apple-Bay East, Inc.*, No. C 07-01377 SBA, 2007 WL 4045429, at *4-5 (N.D. Cal. Nov. 15, 2007).

In this instance, the parties appear to agree that this action can be resolved without extensive litigation before this Court.  While the appeal of the *Nvidia* settlement is scheduled to be fully briefed by mid-June, it is not possible to know when the Ninth Circuit will render a decision.  Thus, it appears that a stay would have the effect of delaying this action for an indefinite period, possibly for more than a year, while doing little to conserve judicial resources.  Moreover, it is unlikely that Plaintiffs will be prejudiced in the absence of a stay.  If Plaintiffs are concerned about preserving the statute of limitations in this action, they have the option of appealing any dismissal of this action to the Ninth Circuit.  Alternatively, if they succeed in reversing or vacating the *Nvidia* settlement, they can seek relief from any judgment in this case that is based upon the preclusive effect of the settlement.  *See* Fed. R. Civ. Pro. 60(b)(5).

Moreover, as Defendants pointed out at oral argument, the Final Judgment in the *Nvidia GPU Litigation* orders as follows:

> Upon the entry of this Final Judgment, the Releasing Persons have completely discharged, settled, dismissed with prejudice any Released Claim, whether known or unknown, against each of every Released Person and the assertion, prosecution, or continuation by Settlement Class Members of any Released Claim is hereby permanently barred and enjoined.

*Nvidia GPU Litigation*, No. C 08-4312 JW, at ¶ 10 (N.D. Cal. Dec. 20, 2010).  At the hearing, Plaintiffs confirmed that no party or objector has moved to stay the effect of Judge Ware's Order pending appeal.  As Plaintiffs concede that they are class members whose claims are released, it is not clear that a stay of this case would comply with Judge Ware's Order.  Defendant's motion to dismiss based on the Final Judgment and settlement is set for hearing on May 5, 2011.  The Court will determine at that time whether the *Nvidia* settlement and Final Judgment require dismissal of this action.  Considering all of these factors, the Court finds that a stay is not warranted.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to stay is DENIED.  As discussed at the motion hearing, the parties may be able to resolve this case and address Plaintiffs' concerns about

the statute of limitations by stipulation.  Accordingly, as agreed at the hearing on this motion, by April 18, 2011, Defendant shall file a statement indicating whether it is willing to stipulate to (1) dismissal of this case without prejudice to Plaintiffs' renewing their claims if the Ninth Circuit reverses or vacates the *Nvidia* settlement such that Plaintiffs claims are no longer released, and (2) narrowly tailored tolling of the statute of limitations in that event.  If Defendant is willing to so stipulate, the parties shall file a stipulation of dismissal by April 25, 2011.  Otherwise, the Defendant's motions to dismiss shall be heard, as scheduled, on May 5, 2011.

**IT IS SO ORDERED.**

Dated: April 8, 2011

_____
LUCY H. KOH
United States District Judge