UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAND PERRON, and G. DAVID HATFIELD, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>    v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>              Defendant. | Case No.: 10-CV-00695-LHK<br><br>ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |

Plaintiffs Normand Perron and G. David Hatfield brought this class action against Defendant Hewlett-Packard Company ("HP") for claims arising out of wireless connectivity problems allegedly caused by a defective Nvidia chip used in certain HP computers. The parties agree that the claims of named Plaintiffs Perron and Hatfield are extinguished by a class settlement approved in a separate case known as the *Nvidia GPU Litigation*. HP moves to dismiss with prejudice, or for summary judgment, on that ground. Plaintiffs' counsel argues that the case should not be dismissed and instead seeks leave to amend to substitute new named plaintiffs, modify the definition of the class, propose a new subclass, join Nvidia as a defendant, and add a new claim under New York state law. The Court heard oral argument on these issues on May 5, 2011. Having considered the submissions and arguments of the parties, the Court GRANTS HP's motion to dismiss with prejudice.

1

## I. Background

On February 18, 2010, Plaintiffs Normand Perron and G. David Hatfield, individually and on behalf of a class and several subclasses, brought suit against Defendant Hewlett-Packard Company ("HP"). Plaintiffs allege that certain HP Notebook Computers incorporate a defective Nvidia chip that renders the HP computers unable to connect to the Internet through the internal wireless device. Compl. ¶¶ 8-11. They claim that HP knew of the defect around the time that its computers reached the market, but did not disclose the wireless connectivity problem, misrepresented the computers as free from defects, and failed to offer a warranty service that effectively remedied the defect. Compl. ¶¶ 2-5. Based on these allegations, Plaintiffs assert five causes of action, each apparently arising under California law: (1) unfair business practices in violation of California Business & Professions Code § 17200 *et seq.*; (2) breach of express warranty; (3) violation of California Consumers Legal Remedies Act, California Civil Code § 1750 *et seq.*; (4) unlawful business practices in violation of California Business & Professions Code § 17200 *et seq.*; and (5) fraudulent conduct in violation of California Business & Professions Code § 17200 *et seq.* The Complaint proposes a nationwide class of all persons and entities who purchased certain HP computers since August 1, 2006, as well as three subclasses. Compl. ¶ 25. The three proposed subclasses include (1) a Consumer Subclass consisting of class members who purchased the computers for personal, family, or household purposes; (2) a Warranty Subclass consisting of class members who experienced failure of wireless capability within a year of purchase; and (3) a California Subclass consisting of class members who are residents of California. *Id.* The Court has not yet considered certification of the proposed Class or Subclasses, and no motion for class certification has been filed.

The *Nvidia GPU litigation*, Case No. 08-04312 (N.D. Cal. filed Sept. 12, 2008), is a separate consolidated class action brought against Nvidia Corporation for defects in its graphics processing unit and media communications chip. On September 15, 2010, Judge James Ware of this District issued an order preliminarily approving a class settlement in the *Nvidia GPU Litigation*. Judge Ware's order prohibited settlement class members from prosecuting any action that asserted claims released by the *Nvidia* settlement pending a determination of whether the

2

Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

settlement should be finally approved. Because the parties agreed that the claims asserted in the instant action might be released by the *Nvidia* settlement, they stipulated to stay all proceedings in this action until 30 days after Judge Ware ruled upon the motion for final approval of the *Nvidia* settlement. The Court issued an order staying this case on October 7, 2010.

On December 20, 2010, Judge Ware issued an order granting final approval of the *Nvidia* class settlement and entering final judgment. Final Judgment, No. 08-4312 JW (N.D. Cal. Dec. 20, 2010), submitted as Ex. A to Decl. or Kristofor T. Henning in Supp. of HP's Mot. to Dismiss ("Henning Decl."), ECF No. 43. Judge Ware's order certified a settlement class ("*Nvidia* Settlement Class") consisting of "[A]ll persons and entities resident in the United States of America who purchased a Class Computer in the United States of America," with certain exclusions not relevant here. *Id.* at 2. The definition of "Class Computer" includes the HP products at issue in the instant litigation. *See* Stip. and Agreement of Settlement and Release at 4-5, submitted as Ex B. to Henning Decl. (defining "Class Computer" to include HP Pavilion series dv6000 and dv9000 and HP Presario series 6000); Compl. ¶ 25 (defining class as purchasers of same HP computers). Pursuant to the Nvidia settlement agreement, Nvidia Settlement Class Members who have not opted out are deemed to have released any claims arising out of a specified defect in the Nvidia chip incorporated into the Class Computers, including Class Computers that exhibit certain "Identified Symptoms." *See* Henning Decl. Ex. B at 8, 15-16. The "Identified Symptoms" include the wireless connectivity problems at issue in the instant class action. *See* Exhibit 3 to Stip. and Agreement of Settlement and Release at 4-5, submitted as Ex B. to Henning Decl.

Plaintiffs Perron and Hatfield, along with a number of other individuals known as the HP Consumer Objectors, objected to approval of the *Nvidia* settlement before Judge Ware. The HP Consumer Objectors argued, among other things, that the *Nvidia* settlement would release their claims and those of the proposed class members in this case and another related class action, *Nygren v. Hewlett Packard*, No. 07-CV-05793 (N.D. Cal.), for little or no consideration.[1] *See* HP

---

[1] Judge Ware granted HP's motion for summary judgment in *Nygren* on June 24, 2010, and the case is currently pending on appeal to the Ninth Circuit.

3

Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

Consumers Objections to Final Approval of Settlement at 1, submitted as Ex. C to Henning Decl. They also argued that because the *Nvidia* settlement provides only for chip replacement or reimbursement for repairs previously paid for by the class member, the settlement provides no remedy to consumers who purchased an HP computer, never made any repairs, and discarded their computers due to the defect.[2] *Id.* at 12-13. This last objection apparently caused the parties to the *Nvidia* Settlement to execute an amendment to the settlement agreement directed at Settlement Class Members who no longer possess their HP Class Computers.[3] The amendment, executed on December 6, 2010, reads:

> 14.18 **Other Litigation.** This Agreement shall not preclude a Class Member who is also a member of a class that might be certified in *Nygren v. Hewlett Packard Co.*, Case No. CV 07-05793 JW (N.D. Cal.), or *Perron v. Hewlett Packard Co.*, Case No. CV 10-00695-LHK (N.D. Cal.), but did not participate in this settlement because the Member no longer had a Class Computer, and did not pay for a repair, from participating in those actions.

Amendment No. 3 to Stip. and Agreement of Settlement and Release, submitted as Ex. 2 to Pl.'s Opp'n to HP's Mot. to Dismiss or for Summary Judgment. Judge Ware granted final approval of the settlement over the HP Consumers' objections, and the HP Consumer Objectors, including Plaintiffs Perron and Hatfield, have now appealed his decision to the Ninth Circuit.

After Judge Ware entered final judgment in the *Nvidia GPU Litigation*, and the stay in this case expired, HP renewed its previously filed motion to dismiss for failure to state a claim[4] and also filed a second motion to dismiss, or for summary judgment, on grounds that Plaintiffs' claims were released by the *Nvidia* settlement. Plaintiffs then filed a motion to stay this case pending

---

[2] In the case of the HP Class Computers, chip replacement is not possible due to a shortage of replacement parts. Accordingly, the settlement provides for a replacement computer of like or similar kind and equal or similar value. Henning Decl. Ex. B at 10-11. Presumably, however, the computer replacement remedy requires the class member to present and exchange the defective computer in order to obtain a replacement.

[3] Although claims against HP were released in the *Nvidia* settlement, HP was no longer a defendant in that case at the time of settlement and was not a party to the settlement agreement. *See* Henning Decl. Ex. B at 1 (stating that the settlement agreement is made between the *Nvidia* class representatives and Nvidia Corporation).

[4] Because the Court grants HP's second motion to dismiss based on the effect of the *Nvidia* settlement, it does not reach HP's first motion to dismiss based on the alleged insufficiencies in the pleadings.

4
Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

appeal of the *Nvidia* settlement. In arguing the motion to stay, Plaintiffs at no point suggested that the "carve out" created by Amendment No. 3 to the settlement agreement would allow litigation of this action to continue while the *Nvidia* settlement was being appealed. Rather, they represented that a stay would conserve judicial resources because the Ninth Circuit decision in the *Nvidia GPU Litigation* would be dispositive of the claims in this case: "If Plaintiffs lose the appeal, then their claims in this case will be extinguished. If Plaintiffs win the appeal, then their claims here will not be extinguished and the litigation can resume." Pls.' Mot. to Stay at 2, ECF No. 48. Because it seemed that this case could be resolved without extensive litigation, and a stay appeared to be in conflict with Judge Ware's Order of Final Judgment in the *Nvidia* case, the Court denied the motion to stay. *See* Order Denying Motion to Stay at 4, ECF No. 55.

Plaintiffs now argue that even if the claims of Perron and Hatfield are extinguished by the *Nvidia* settlement, the "carve-out" amendment should allow them to amend the Complaint to substitute a new plaintiff who discarded his computer and to proceed with the instant litigation. More specifically, in their opposition brief, Plaintiffs indicated that they intended to substitute New York resident Todd Anderson as the new named plaintiff in this action. In its reply, HP noted, among other things, that substitution of Todd Anderson would be futile, as he is not a California resident and therefore could not bring claims under California consumer protection statutes. HP also pointed out that the proposal to substitute Anderson as the named plaintiff was inconsistent with Plaintiffs' representation, in their opposition to HP's other motion, that they were limiting their claims against HP to California residents.[5]

Three days before the motion hearing, apparently in response to HP's reply brief, Plaintiffs filed a motion for leave to file a First Amended Complaint ("FAC"), including the proposed

---

[5] In the related case *Nygren v. HP*, Judge Ware granted HP's motion for summary judgment on grounds that the named Plaintiffs, who were not California residents, could not bring claims under the California Unfair Competition Law. *See* Order Granting Def.'s Mot. for Summary Judgment at 9, *Nygren v. Hewlett Packard Company*, No. C 07-05793 (N.D. Cal. June 24, 2010), submitted as Ex. 6 to Decl. of Kristofor T. Henning in Supp. of HP's Mot. to Dismiss, ECF No. 46. In their opposition to HP's first motion to dismiss, Plaintiffs state that they are limiting their claims against HP to California residents, largely based on Judge Ware's ruling. Opp'n to Mot. to Dismiss at 1 n.1, ECF No. 58. Plaintiffs therefore did not contest HP's challenges to the claims of Plaintiff Hatfield, who is not a California resident. *Id.*

5
Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

amended complaint. The proposed FAC would add two new named Plaintiffs, Todd Anderson of New York and Mark Alward of California, who did not pay for repairs and discarded their computers out of frustration with the wireless defect. It would also join Nvidia Company as a defendant and add allegations against it; redefine the class to include only those who discarded their computers; create a new proposed subclass of New York residents; and add a claim under a New York consumer protection statute. HP disputes that the carve-out amendment permits any amendment of Plaintiffs' Complaint and argues that the case should be dismissed with prejudice, or, alternatively, that summary judgment should be entered in its favor.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may take judicial notice of matters of public record outside the pleadings, *id.* at 689, including briefs, transcripts, and other court filings in related litigation. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs and transcripts from a settlement fairness hearing, as well as other court filings, to determine the preclusive effect of a settlement on a motion to dismiss). Generally, if a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If amendment would be futile, however, a dismissal may be ordered with prejudice. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

### III. Discussion

#### A. Dismissal of Plaintiffs' Complaint

In its motion to dismiss, HP argues that the Complaint in this case must be dismissed with prejudice because Plaintiffs' claims are released by the *Nvidia* settlement. The Court agrees that it is clear, based upon the Complaint and the judicially noticeable filings in the *Nvidia GPU Litigation*, that the claims of Plaintiffs Perron and Hatfield have been extinguished by the *Nvidia* settlement. Plaintiff Perron's claims stem from his September 26, 2006 purchase of an HP Presario V6030 that experienced wireless connectivity failures. Compl. ¶¶ 15-17. Plaintiff Hatfield's claims stem from his August 3, 2007 purchase of an HP Pavilion dv6448se that experienced similar wireless connectivity failures. Compl. ¶¶ 20-23. Because Plaintiffs' computers and wireless connectivity problems are covered by the *Nvidia* settlement agreement, and neither Plaintiff chose to opt out, their claims were released by the Order of Final Judgment issued by Judge Ware. *See* Henning Decl. Ex. B at 4-5 (defining Class Computer to include HP Presario v60xx purchased between May 2006 and October 31, 2008, and HP Pavilion dv64xx purchased between May 2006 and April 30, 2009); *id.* at Ex. 3 (defining Identified Symptoms to include failure to detect wireless adaptor in HP systems); *id.* at 15 (release of claims). Moreover, by objecting to and appealing the *Nvidia* class settlement, Plaintiffs have conceded that they are members of the *Nvidia* Settlement Class whose claims are extinguished by the settlement. *See Reyn's Pasta Bella*, 442 F.3d at 746 ("Plaintiffs' appearance through counsel at the *Wal–Mart* fairness hearing binds them to the *Wal–Mart* settlement and all of its preclusive effects"). Indeed, Plaintiffs have repeatedly represented that their claims are fully released by the *Nvidia* settlement. *See, e.g.*, Transcript of April 7, 2011 Hearing on Pls.' Mot. to Stay, Decl. of Kristofor T. Henning in Supp. of HP's Reply, Ex. 1 at 2 (concession by Plaintiffs' counsel that Plaintiffs' claims were released by *Nvidia* settlement); Mediation Questionnaire filed by Plaintiffs before the Ninth Circuit, submitted as Ex. F to Henning Decl. (stating that HP Consumer Objectors' claims were "settled out from under them" and discharged by the *Nvidia* settlement); Pl.'s Mot. to Stay at 2, ECF No. 48 ("If Plaintiffs lose the appeal [of the *Nvidia* settlement], then their claims in this case will be extinguished.").

1  To the extent that Plaintiffs now argue that some of their claims survive through the "carve-out" amendment to the settlement agreement, *see* Pls.' Opp'n at 4, Plaintiffs conflate their individual claims with the claims of the proposed class.  No one has suggested that individual Plaintiffs Perron or Hatfield discarded their computers and would qualify as someone who "did not participate in [the *Nvidia*] settlement because [he] no longer had a Class Computer, and did not pay for a repair," as required by the carve-out amendment.  Pl.'s Opp'n Ex. 2.  There may be individuals within the class proposed in the Complaint who would fall within the carve-out amendment.  At this point, however, no class has been certified, and this action consists solely of the individual claims of Perron and Hatfield.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 556 n.3 (9th Cir. 2010) (noting that where a court has not ruled on class certification, the action consists of the named Plaintiffs' individual claims).  Because there is no dispute that the individual claims of each of the named Plaintiffs have been released by the *Nvidia* settlement, the Complaint as it stands contains no claims that can be litigated.  Accordingly, HP's motion to dismiss the Complaint must be granted.

**B. Leave to Amend**

The more difficult question is whether leave to amend should be given to allow substitution of new named Plaintiffs who fall within the carve-out amendment.  The carve-out amendment provides as follows:

> 14.18 **Other Litigation.**  This Agreement shall not preclude a Class Member who is also a member of a class that might be certified in *Nygren v. Hewlett Packard Co.*, Case No. CV 07-05793 JW (N.D. Cal.), or *Perron v. Hewlett Packard Co.*, Case No. CV 10-00695-LHK (N.D. Cal.), but did not participate in this settlement because the Member no longer had a Class Computer, and did not pay for a repair, from participating in those actions.

Pl.'s Opp'n Ex. 2.  Plaintiff argues that the amendment is intended to allow this action, *Perron v. HP*, to proceed as a class action on behalf of *Nvidia* Class Members who purchased one of the HP computers at issue in this case (such that they would be a member of the proposed class in this case), but who lack a remedy under the *Nvidia* settlement because they did not pay for any repairs and no longer have their Class Computer.  Plaintiffs (or, more accurately, Plaintiffs' counsel) thus seek to amend the Complaint to bring an action on behalf of a different proposed class, with new

8

Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

named Plaintiffs, asserting a new claim under a different state law, and against a new defendant. *See* Pls.' Admin. Mot. for Leave to File [Proposed] First Amended Complaint at 2 & Exs. 1-2, ECF No. 66. HP argues, however, that the carve-out, at most, permits certain *Nvidia* Settlement Class Members to participate as class members in the event that a class is certified in *Nygren* or *Perron*. HP claims that the carve-out does not permit new claims or new lawsuits, and because no class has been certified in this case, the carve-out amendment does not permit continued litigation.

Having carefully considered the language of the carve-out amendment and heard arguments by all parties, the Court remains somewhat perplexed by the amendment. On the one hand, the Court agrees with HP that the language of the amendment is quite narrow in scope. It does not exclude the "carved out" group from the *Nvidia* Settlement Class, nor does it remove them from the definition of "Releasing Persons."[6] Rather, the carve-out amendment explicitly refers to "Class Members" and suggests that this group of people remains part of the *Nvidia* Settlement Class, subject to the general release of claims, with the exception that they may be able to obtain relief outside the settlement in the event that such relief becomes available in the *Nygren* or *Perron* actions. The language used in the amendment is quite limited: "This Agreement shall not preclude . . . a member of a class that might be certified in [*Nygren* or *Perron*] . . . from participating in those actions." Pls.' Opp'n Ex. 2. This language suggests only that certain *Nvidia* class members may participate, as class members, in a class certified in *Perron* or *Nygren*, and that they may benefit from any class remedies resulting from those lawsuits. It does not suggest that *Nvidia* Class Members, whose claims are otherwise released by the settlement, should be able to institute a new action on a behalf of a newly defined class. Yet this is essentially what Plaintiffs' counsel seeks to do within the confines of the existing lawsuit. In this sense, the amendment appears to favor HP's position.

On the other hand, it appears that HP's position would essentially render the carve-out amendment meaningless. On December 6, 2010, when the amendment was executed, *Perron* was

---

[6] "Releasing Persons" is defined to include "members of the Settlement Class who have not validly requested exclusion from the Settlement Class pursuant to Section 9 [which concerns opt-out rights]." Henning Decl. Ex. B at 9 ¶ 1.26.

9

Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1    stayed, *Nygren* had been appealed, and there was no prospect that a class would be certified in

2    either case in the near future. Once the settlement was granted final approval on December 20,

3    2010, the named plaintiffs in both actions were barred from further litigating their claims because

4    each had retained possession of their Class Computers. Accordingly, neither case could go forward

5    without amendment of the complaint and substitution of a new named plaintiff who could represent

6    a class of those who discarded their HP computers. If such amendment is not permitted under the

7    terms of the amendment, it seems to this Court that the carve-out amendment could never have had

8    any effect.[7] Drawing on this reasoning, Plaintiffs have pointed out that the parties to the *Nvidia*

9    settlement represented to Judge Ware that the amendment was not a nullity, but would in fact allow

10   certain HP purchasers to pursue their claims.[8] Plaintiffs therefore argue that a ruling denying leave

11   to amend would be contrary to Judge Ware's intent in approving the settlement.

12         The trouble with Plaintiffs' argument is that it appears to be inconsistent with the settlement

13   agreement Judge Ware actually approved and the Order of Final Judgment he issued. The Order of

14   Final Judgment states: "Upon the entry of this Final Judgment, the Releasing Persons have

15   completely discharged, settled, dismissed with prejudice any Released Claim, whether known or

16   unknown, against each of every Released Person and the assertion, prosecution, or continuation by

17   Settlement Class Members of any Released Claim is hereby permanently barred and enjoined."

18   Henning Decl. Ex. A ¶ 10. As noted above, the carve-out amendment does not suggest that those

---

[7] At the motion hearing, HP argued that its position would not render the amendment a nullity because at the time the amendment was executed Plaintiffs had not conceded that their claims would be extinguished by the settlement. Thus, certification of a class in *Perron*, by the existing named Plaintiffs, was still theoretically possible. But the carve-out amendment must be predicated on the assumption that the *Perron* plaintiffs' claims would be extinguished by the settlement. Otherwise, there would be no need to carve out a subset of those claims for special treatment outside the settlement.

[8] At the fairness hearing, counsel for the *Nvidia* plaintiffs stated: "We did an amendment to the settlement agreement that carved out now from the release HP consumers who no longer have their computers. If they don't submit a claim here and they can establish down the road that they didn't participate here because they did not have their computers, they're free to participate in whatever other litigation that comes along. . . So we tried to address this in terms of people who don't have the computers in terms of the complaint and I think we have essentially carved them out. So if they don't have the their [sic] computers, they're free to do something else." Transcript of Dec. 20, 1010 Proceedings before Judge Ware, Pl.'s Opp'n Ex. 1 at 50:20-51:2, 51:13-18. When Judge Ware asked counsel to identify the location of the carve-out language, plaintiffs' counsel stated that it was contained in Amendment Number 3. *Id.* at 51:6-7.

10

Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

who no longer possess Class Computers and paid for no repairs are excluded from the Settlement Class or should not be considered Releasing Persons. Rather, the amendment explicitly refers to this group as "Class Member[s]." Pl.'s Opp'n Ex. 2. To the extent that the amendment allows a group of *Nvidia* Class Members to actively prosecute Released Claims, as Plaintiffs argue, the amendment would be in conflict with the Final Order enjoining "assertion, prosecution, or continuation" of Released Claims by any member of the Settlement Class.

In addition, as HP points out, Plaintiffs' individual claims were effectively dismissed with prejudice on December 20, 2010, when the Final Judgment and settlement release took effect. *See* Henning Decl. Ex. B at 23 ¶ 12.2 (settlement becomes effective upon entry of Final Judgment). As of that date, Plaintiffs were permanently enjoined from asserting or continuing their claims, and this Court was required to dismiss their claims with prejudice. *See* Henning Decl. Ex. A ¶ 10. ("Upon the entry of this Final Judgment, the Releasing Persons have completely discharged, settled, *dismissed with prejudice* any Released Claim. . . .") (emphasis added). Thus, any order dismissing Plaintiffs' claims without prejudice and allowing them to continue their claims in order to seek amendment would violate the clear terms of Judge Ware's Order of Final Judgment.[9]

For these reasons, the Court finds that the carve-out amendment does not permit an individual who discarded his Class Computer and never paid for repairs to actively prosecute released wireless connectivity claims by becoming a named plaintiff in the instant action. Pursuant to Judge Ware's Order of Final Judgment, the claims of Plaintiffs Perron and Hatfield were extinguished and dismissed with prejudice on December 20, 2010. This Court must give effect to that order now by dismissing their claims with prejudice. Whatever limited effect the carve-out amendment may have, it does not allow a new plaintiff to step in, revive claims that have been dismissed with prejudice, and actively prosecute those claims on behalf of a new proposed class.[10]

---

[9] Indeed, as HP pointed out at the hearing, Plaintiffs apparently seek to continue Plaintiffs' claims even beyond the point of amendment, as the proposed amended complaint still includes Perron and Hatfield as named plaintiffs.

[10] The Court remains uncertain regarding the circumstances, if any, under which the carve-out amendment would allow *Nvidia* Settlement Class Members to participate in the *Perron* or *Nygren* actions. If, in fact, the carve-out had no meaning or counsel misrepresented its meaning at the fairness hearing, that issue is most appropriately considered on appeal of the settlement approval. The fairness of the *Nvidia* settlement, including the amendment, is not before this Court. *See*

11
Case No.: 10-CV-00695-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1   Nor does it allow assertion of new claims against a newly joined Defendant. Because the

2   amendment Plaintiffs seek is not permitted under the *Nvidia* settlement and Judge Ware's Order of

3   Final Judgment, Plaintiffs' request for leave to amend must be denied.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS HP's second motion to dismiss (ECF No. 42), with prejudice, on grounds that Plaintiffs' claims are extinguished and dismissed with prejudice by the settlement and Order of Final Judgment in the *Nvidia GPU Litigation*. Accordingly, the Court does not reach HP's earlier motion to dismiss (ECF Nos. 32, 45) dealing with the sufficiency of Plaintiffs' claims, and denies that motion as moot. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 6, 2011

*(signed)* Lucy H. Koh

LUCY H. KOH
United States District Judge

---

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (noting that a class member who is represented by counsel as a class action fairness hearing cannot subsequently attack the settlement collaterally).